# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ELI SAVIT, PROSECUTING ATTORNEY FOR WASHTENAW COUNTY ex rel., the People of the State of Michigan, and CITY OF YPSILANTI,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>VALLEYTREE PARTNERS LLC, VTP A1 LP, VTP ARBOR GP LLC, VTP ARBOR JV LP, VTP ARBOR ONE LLC, VTP RIVER WOODS, LLC, SAMUEL ROSENTHOL, YAAKOV NUSBAUM and AMY VUJNOV,<br><br>　　　　Defendants, | Case No. 25-cv-10783<br><br>Hon.<br><br><br>**NOTICE OF REMOVAL** |

# NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332, 1441 and 1446, defendants Valleytree Partners LLC, VTP A1 LP, VTP Arbor GP LLC, VTP Arbor JV LP, VTP Arbor One LLC, VTP River Woods, LLC ("VTP Entities"), Samuel Rosenthal, Yaakov Nusbaum and Amy Vujnov (collectively "defendants") give notice of removal of the above-captioned action from the Washtenaw County Circuit Court, City of Ann Arbor, State of Michigan, to the United States District Court for the Eastern District of Michigan. In support of removal, defendants state:

## STATE COURT ACTION

1. Plaintiffs filed this case on February 19, 2020 in Washtenaw County Circuit Court, Case No. 25-000262-CH ("State Court Action"). Defendants were served with the summons and complaint on March 3, 2025.

2. This action is removable to the Court under 28 U.S.C. § 1441(a), which provides that an action brought in state court of which the district courts have original jurisdiction may be removed to the district court and division where such action is pending.

## DIVERSITY JURISDICTION

3. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000, exclusive of interest

1

and costs, and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties.

4. Venue is proper in the United States District Court for the Eastern District of Michigan as this is the district embracing the place where the State Court Action is pending, *i.e.*, Ann Arbor, Michigan. *See* 28 U.S.C. §§ 102(a)(1), 1441(a).

5. Plaintiffs were at the time of filing of the complaint and are at the time of this Notice of Removal citizens of the State of Michigan. Complaint, ¶¶ 24-25.

6. However, in paragraph twenty-four of the complaint, plaintiff Eli Savit, Prosecuting Attorney for Washtenaw County makes certain that he is bringing this claim on behalf of the residents or injured under MCL 49.153 and MCL 445.915. MCL 445.915 states "a prosecuting attorney may … institute and prosecute an action under this act in the same manner as the attorney general." MCL 445.910 states "[t]he attorney general may bring a class action on behalf of persons residing in or injured in this state for the actual damages." As evidenced by the civil claims and relief sought in the complaint, plaintiffs are acting on behalf of private parties, and, nowhere in the complaint does it state the Prosecuting Attorney is exercising his prosecutorial power.

7. Accordingly the Prosecuting Attorney is merely a nominal party, and not a real party in interest in this matter. Mere nominal parties may be disregarded for removal purposes. 28 U.S.C. § 1441(b); *See also Knowles v. American*

*Tempering Inc.*, 629 F. Supp. 832, 835 (E.D. Pa. 1985). Removal based on diversity jurisdiction is therefore appropriate. *Colman v. Shimer,* 163 F. Supp. 347, 349 (W.D. Mich. 1958).

8. Defendant Valleytree Partners LLC is a foreign, New Jersey limited liability company with its principal place of business in New Jersey. The Members of Valleytree Partners LLC are Samuel Rosenthal (a citizen of New Jersey) and Jack Nusbaum (a citizen of New Jersey).

9. Defendant VTP A1 LP is a foreign, Delaware limited partnership with its principal place of business in New Jersey. VTP A1 LP's limited and general partners are VTP Arbor GP LLC (a Delaware limited liability company) and VTP Arbor One LLC (a Delaware limited liability company). VTP Arbor GP LLC's sole member is also VTP Arbor One LLC. The manager of VTP Arbor One LLC is VTP GSG 2 LLC (a New Jersey limited liability company). VTP GSG 2 LLC's members are GSGRFC A1 LLC (a New Jersey limited liability company), Samuel Rosenthal (a citizen of New Jersey), Jack Nusbaum (a citizen of New Jersey), and Moshe Mendlowitz (a citizen of New Jersey). The members of GSGRFC A1 LLC are other investors, none of which own more than 20% of the interest in VTP A1 LP and GSG Holdings LLC (a New Jersey limited liability company). None of the individual investors of GSGRFC A1 LLC are citizens or residents of the State of Michigan.

3

The members of GSG Holdings, LLC are Abbi Hirsch (a citizen of New Jersey) and Moshe Mendlowitz (a citizen of New Jersey).

10. Defendant VTP Arbor GP LLC is the designated general partner of defendant VTP A1 LP. Defendant VTP Arbor GP LLC is a foreign, Delaware limited liability company with its principal place of business in New Jersey. VTP Arbor GP LLC's sole member is VTP Arbor One LLC (a Delaware limited liability company). The manager of VTP Arbor One LLC is VTP GSG 2 LLC (a New Jersey limited liability company). VTP GSG 2 LLC's members are GSGRFC A1 LLC (a New Jersey limited liability company), Samuel Rosenthal (a citizen of New Jersey) Jack Nusbaum (a citizen of New Jersey), and Moshe Mendlowitz (a citizen of New Jersey). The members of GSGRFC A1 LLC are other investors, none of which own more than 20% of the interest in VTP A1 LP, and GSG Holdings LLC (a New Jersey limited liability company). None of the ultimate individual investors of GSGRFC A1 LLC are citizens or residents of the State of Michigan. The members of GSG Holdings LLC are Abbi Hirsch (a citizen of New Jersey) and Moshe Mendlowitz (a citizen of New Jersey).

11. Defendant VTP Arbor JV LP is an entity that was dissolved prior to the initiation of this case and is no longer in existence, as such, it cannot be included in the evaluation of jurisdiction.

12. Defendant VTP Arbor One LLC is the designated limited partner of defendant VTP A1 LP. Defendant VTP Arbor One LLC is a foreign, Delaware limited liability company with its principal place of business in New Jersey. The manager of VTP Arbor One LLC is VTP GSG 2 LLC (a New Jersey limited liability company). VTP GSG 2 LLC's members are GSGRFC A1 LLC (a New Jersey limited liability company), Samuel Rosenthal (a citizen of New Jersey) Jack Nusbaum (a citizen of New Jersey), and Moshe Mendlowitz (a citizen of New Jersey). The members of GSGRFC A1 LLC are other investors, none of which own more than 20% of the interest in VTP A1 LP and GSG Holdings LLC (a New Jersey limited liability company). None of the ultimate individual investors of GSGRFC A1 LLC are citizens or residents of the State of Michigan. The members of GSG Holdings LLC are Abbi Hirsch (a citizen of New Jersey) and Moshe Mendlowitz (a citizen of New Jersey).

13. Defendant VTP River Woods LLC is a foreign, Delaware limited liability company with its principal place of business in New Jersey. The member of VTP River Woods LLC is VTP Arbor 2 LLC (a Delaware limited liability company). VTP Arbor 2 LLC's members are Valleytree Partners LLC (a New Jersey limited liability company), GSGRFC LLC (a New Jersey limited liability company), Sarah A. Kornfeld 2016 Irrevocable Gift Trust, Rachel L. Rechnitz 2016 Irrevocable Gift Trust, Etti Goldstein 2016 Irrevocable Gift Trust, Yitzchok T. Rechnitz 2016

Irrevocable Gift Trust, Esther M. Rechnitz 2016 Irrevocable Gift Trust, Chana T. Rechnitz 2016 Irrevocable Gift Trust, Zev Goldstein (a citizen of California), and RTYS Real Estate Holdings, LLC (a California limited liability company). The Members of Valleytree Partners LLC are Samuel Rosenthal (a citizen of New Jersey) and Jack Nusbaum (a citizen of New Jersey). The members of RTYS Real Estate Holdings, LLC are Shlomo Rechnitz (a citizen of California) and Tamar Rechnitz (a citizen of California). The members of GSGRFC LLC are GSG Holdings, LLC (a New Jersey limited liability company) and other investors who are not citizens or residents of the State of Michigan. The members of GSG Holdings, LLC are Abbi Hirsch (a citizen of New Jersey) and Moshe Mendlowitz (a citizen of New Jersey).

14. The VTP Entities are therefore deemed to be citizens of New Jersey.

15. Defendant Samuel Rosenthal at all relevant times, and at the time of this Notice of Removal resides in New Jersey. Complaint, ¶ 32. Accordingly, for purposes of diversity jurisdiction, Samuel Rosenthal is a citizen of New Jersey.

16. Defendant Yaakov Nusbaum at all relevant times, and at the time of this Notice of Removal resides in New Jersey. Complaint, ¶ 33. Accordingly, for purposes of diversity jurisdiction, Yaakov Nusbaum is a citizen of New Jersey.

17. Defendant Amy Vujnov at all relevant times, and at the time of this Notice of Removal resides in Michigan. Accordingly, for purposes of diversity jurisdiction, Amy Vujnov is a citizen of Michigan.

4906-8031-5436_1

18. However, the citizenship of defendant Vujnov should be disregarded for purposes of removal because she was fraudulently joined and is not a real party in interest. 28 U.S.C. § 1441(b) provides:

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or law of the United States shall be removable without regard to the citizenship or residence of the parties. Any other action shall be removable only if none of the **parties in interest properly joined and served as defendants** is a citizen of the State in which such action is brought." Emphasis added.

19. Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999).

20. "The law is well established that in determining whether or not the requisite diversity of citizenship exists for the removal of an action to a Federal court, the courts will consider only the citizenship of the real parties in interest and not that of merely formal or nominal parties." *Colman,* 163 F. Supp. at 349. Specifically, "the right to take the case from a state to a federal court cannot be defeated by the presence of a resident defendant who is a merely formal or nominal party. This excludes from consideration a resident defendant who has no interest in the subject matter litigated, or whose relation to the suit is merely incidental and to whom it is of no moment whether the one or the other side of the controversy succeeds." *Id.* at 350; *see also Farmers' Bank v. Hayes,* 58 F.2d 34, 36 (6th Cir. 1932).

7

21. A finding of fraudulent joinder permits a district court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Estate of Shearer v. T&W Tool & Die Corp.*, No. 08-175-KSF, 2008 U.S. Dist. LEXIS 56435, 2008 WL 2891168, at *5 (E.D. Ky. July 24, 2008) (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

22. The crux of plaintiffs' claims against defendant Vujnov is because she was a manager at Arbor One Apartment and Townhomes ("Arbor One") during the times relevant to the complaint, and knew that the alleged violations existed, she is liable for, among other things: (1) creating a public nuisance; (2) violating the Housing Laws of Michigan; and (3) violating the Michigan Consumer Protection Act ("MCPA").

23. Plaintiffs' complaint fails to state a claim upon which relief may be granted against Vujnov, and the claims against her must be dismissed because, among other things, plaintiffs have sued Vujnov only in her capacity as an employee at Arbor One and not personally, and do not allege in their complaint any conduct by Vujnov that is outside the scope of her employment or that she purportedly took to advance any personal motive or purposes. Vujnov simply held the title of manager at Arbor One. Vujnov had no authority or control over the true operation of Arbor One, instead, she was subject to the direction of her employer and Arbor One

ownership. While plaintiffs allege violations occurred during the time Vujnov was a manager at Arbor One, she had no independent control over those activities, which is particularly relevant because the element of control is crucial to a finding of liability. *Kelley ex rel. Michigan v. Kysor Indus. Corp.*, 826 F. Supp. 1089, 1096 (W.D. Mich. 1993) (citing *Attorney Gen. ex rel. Director of Dep't of Natural Resources v. Acme Disposal Co.*, 189 Mich. App. 722, 725; 473 N.W.2d 824 (1991)).

24. With respect to plaintiffs' public nuisance claims, "even though a nuisance may exist, not all actors are liable for the damages stemming from the condition." *Walker v. Detroit Pub. Sch. Dist.*, 535 Fed. Appx. 461, 467 (6th Cir. 2013); *See also Cloverleaf Car Co v. Phillips Petroleum Co*, 213 Mich App 186, 190-191; 540 N.W.2d 297 (1994). Michigan courts do not impose liability when a "defendant has not either created the nuisance, owned or controlled the property from which the nuisance arose, or employed another to do work which he knows is likely to create a nuisance." *Id.*; *See also Guertin v. Michigan*, No. 16-CV-12412, 2017 U.S. Dist. LEXIS 85544, 2017 WL 2418007, at *11 (E.D. Mich. Jun. 5, 2017), aff'd in part, rev'd in part on other grounds, 912 F.3d 907 (6th Cir. 2019) (citing *McSwain v. Redford Township*, 173 Mich. App. 492, 498; 434 N.W.2d 171 (1988)).

25. Because control under Michigan law "must be something more than merely … regulating activity on the property which gives rise to the nuisance,"

9

Vujnov in her role as an employee at Arbor One cannot be held liable for the alleged nuisance. *Guertin,* 2017 WL 2418007, at *11 (citing *McSwain*, 173 Mich. App. at 498). Moreover, under MCL 125.3407, when a court orders a nuisance abated "the owner or agent in charge … is liable for maintaining a nuisance per se." As set forth above, Vujnov was merely an employee at Arbor One, and did not have independent control over Arbor One or the ultimate decisions made concerning the property.

26. With respect to plaintiffs' claims that Vujnov violated the Housing Law of Michigan, these claims are similarly misplaced. Plaintiffs' complaint alleges they are bringing "this 'action to enforce this act and to abate or enjoin the violation'" under MCL 125.534(1). Complaint, ¶ 118. However, MCL 125.534(1) expressly states "***[i]f the owner or occupant fails to comply with the order contained in the notice of violation***, the enforcing agency may bring an action to enforce this act and to abate or enjoin the violation." Emphasis added. Vujnov is neither the owner of Arbor One nor an occupant. As such, MCL 125.534 does not permit a cause of action to be filed against Vujnov, and plaintiffs have failed to state a claim upon which relief can be granted.

27. With respect to plaintiffs' claim that Vujnov violated the MCPA, it is equally unavailing. While the MCPA does permit causes of action against individuals, an individual is typically only personally liable for a MCPA violation that resulted from their personal conduct. To establish individual liability for the

alleged consumer protection violations, plaintiffs must show that Vujnov "participated directly" in the wrongful acts or "had the authority to control them" *and* that she "knew or should have known" of the wrongful acts. *F.T.C v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 636 (6th Cir. 2014) Emphasis added.; *See also Hartman & Eichhorn Bldg. Co. v. Dailey*, 266 Mich. App. 545, 551-552; 701 N.W.2d 749 (2005) (holding defendant was only personally liable for an MCPA violation that resulted from his actual conduct).

28. Nowhere in plaintiffs' complaint do they allege that Vujnov personally caused any of the alleged violations. To the extent that plaintiffs' allege Vujnov had "control over renting, operation, management, and maintenance of Arbor One," these allegations are simply untrue. Vujnov was not the owner of Arbor One, and therefore did not have independent control of the operation, maintenance and management decisions concerning the property. Similarly, to the extent that Vujnov was aware of any alleged violations at Arbor One, her awareness did not grant her the ability to make independent decisions regarding the property. As in *PHD Mich., L.L.C. v. Outfitters Ass'n. of Am.,* here plaintiffs' complaint relies on alleged actions of Vujnov while she acted on behalf of her employer. *PHD Mich., L.L.C. v. Outfitters Ass'n. of Am.*, No. 04-73964, 2006 U.S. Dist. LEXIS 49528, 2006 WL 2042515, at *23-24 (E.D. Mich. July 20, 2006) (citing *Hartman*, 266 Mich. App. at 752). Thus, a Court would similarly find that Vujnov's actions, if any, were not

11

made by her personally and thus cannot form the basis of plaintiffs' claims against her individually. *Id.*

29. Lastly, plaintiffs' complaint seeks declaratory relief against all defendants. Plaintiffs' claim for declaratory relief requests the Court declare:

> a. No tenant is obligated to pay rent for period of time when Defendants failed to have or maintain a valid Certificate of Compliance, that is, Defendants are not entitled to rent from September 17, 2024 until the day new Certificates of Compliance are issued and/or the current Certificates are valid and not suspended;
>
> > i. All claims, demands, or collections seeking rent for such time periods and not valid and subject to appropriate relief (e.g., dismissal of eviction cases, clearing credit reports, neutral or positive rental history reporting);
>
> b. In addition, due to the failure to maintain Certificates of Compliance, pending condemnations, and overall conditions issues, the leases regarding Arbor One Apartments are voidable at the tenants' election, and all tenants of Arbor One Apartments are entitled to elect for the remedy of rescission of their lease agreements – with the tenant returning possession to the landlord after a reasonable time for relocation (not less than 60 days), and Defendants returning all rental payments, security deposits, and any other funds paid under the contract, to return the Defendants and tenants to their pre-contractual state;
>
> c. In addition, and in the alternative to rescission, all tenants of Arbor One Apartments may elect for specific performance for Defendants to carry out a transaction in accordance with the tenants' reasonable expectations – namely, that Defendants provide maintenance and repair for Abor One in compliance with housing laws, property maintenance codes, and contractual repair promises.

Complaint, ¶ 137.

30. Not only is Vujnov no longer an employee at Arbor One, a fact plaintiffs are well aware of, but even if she were, she would have no independent ability to enforce or act under the requested declarations. Fraudulent joinder exists where a complaint lacks specific allegations about a defendant. *Boladian v. UMG Recordings, Inc.*, 123 Fed. App'x 165, 169 (6th Cir. 2005). Plaintiffs' claim for declaratory relief against Vujnov fail to state a claim upon which relief can be granted because even if she were still an employee at Arbor One, any ability that she would have to enforce the declarations, would be at the sole direction of Arbor One's ownership, not Vujnov personally.

31. Plaintiffs' complaint cites MCR 2.605(A)(1) for the contention that it is entitled to declaratory relief from all defendants. Complaint, ¶ 134. However, under Michigan Court Rule 2.605(A)(1), a court may issue a declaratory judgment only in cases of actual controversy within its jurisdiction. Similarly, the Declaratory Judgment Act requires an actual controversy for federal courts to grant such relief. 28 U.S.C. §§ 2201–2202. In order to satisfy the "actual controversy" requirement, a plaintiff's claim must be justiciable. *Van Buren Charter Twp. v. Visteon Corp.*, 503 Mich. 960, 964-965; 923 N.W.2d 266 (2019); *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279-280 (6th Cir. 1997). In evaluating whether a case is justiciable, a court must determine whether plaintiff has standing to bring the lawsuit. *Id*. The Supreme Court has established that two of the three irreducible constitutional

13

minimums of standing are: (1) there must be a causal connection between a plaintiffs' injury and defendants' action; and (2) it must be likely that the requested relief will redress plaintiffs' injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

32. As set forth above, at all relevant times, Vujnov was an employee at Arbor One and she did not personally engage in any conduct that injured plaintiffs, as such, there is no causal connection between plaintiffs' alleged injury and Vujnov individually. Additionally, even if the Court were to make the judicial declarations requested, Vujnov is no longer an employee at Arbor One, and even if she were, she would lack authority and control over Arbor One that would allow her to personally provide and enforce the requested relief. Consequently, declaratory relief from Vujnov will not redress plaintiffs' alleged injury.

33. Because plaintiffs have not stated a proper claim against Vujnov, she is not a properly joined defendant and her citizenship can be disregarded for purposes of determining diversity jurisdiction. There may be additional grounds for dismissal of the claims against Vujnov based on failure to state a claim upon which relief may be granted which Vujnov may determine exist. Additionally, and/or alternatively, Vujnov was fraudulently joined for the purpose of defeating diversity jurisdiction and, for that reason as well, Vujnov's citizenship can be disregarded for purposes of determining diversity jurisdiction.

34. Non-diverse defendants that have been fraudulently joined to defeat diversity jurisdiction should be completely disregarded for purposes of establishing federal jurisdiction. *See Graphic Resources Group, Inc. v. Honeybaked Ham Co.*, 51 F. Supp. 2d 822, 825 (E.D. Mich. 1999). Under the doctrine of fraudulent joinder, the inquiry is whether plaintiff had at least a color-able cause of action against defendant. *See Jerome-Duncan, Inc. v. Auto-By-Tel., L.L.C.*, 176 F.3d. 904, 907 (6th Cir. 1999). The burden of showing fraudulent joinder is not an absolute standard, and the removing party is not required to show that there is absolutely no basis for recovery. *Graphic Resources Group, Inc.*, 51 F. Supp. 2d at 825 (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel. L.L.C.*, 989 F. Supp. 839, 839-840 (E.D. Mich. 1997)). Rather, to meet its burden, defendants must demonstrate that plaintiffs have no reasonable basis for a claim against the non-diverse defendant based on the alleged facts. *Id.*; *PSA Quality Systems (Toronto), Inc. v. Sutcliffe*, 256 F. Supp. 2d 698, 701-02 (E.D. Mich. 2003) (citing *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). Defendants have more than met this burden.

35. As set forth above, under 28 U.S.C. § 1332, complete diversity of citizenship exists between plaintiffs and the remaining, non-fraudulently joined defendants Valleytree Partners LLC, VTP A1 LP, VTP Arbor GP LLC, VTP Arbor JV LP, VTP Arbor One LLC, VTP River Woods, LLC, Samuel Rosenthal, and Yaakov Nusbaum.

36. Under L.R. 81.1(a) and (b) and 28 U.S.C. § 1332(a), the amount in controversy also exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees. Although plaintiffs do not identify a sum certain that they are hoping to recover under the complaint, plaintiffs ask the Court for, among other things:

(1) Restitution for those harmed in the form of class-wide actual damages and individual actual damages;

(2) Statutory penalties and civil fines, including but not limited to $25,000 per violation of the MCPA, in recognition of the alleged harm done and to deter future violations. Notably, plaintiffs' complaint alleges at minimum 37 MCPA violations; and

(3) If necessary, the reasonable costs of public nuisance abatement and/or costs of correcting Housing Law of Michigan violations.

*See* Complaint, ¶¶ 123-128 and p. 55.

37. The Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and it is between citizens of different states with respect to the properly joined defendants.

## PROCEDURAL REQUIREMENTS

38. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely, as defendants filed this Notice of Removal within thirty days from the time defendants were served with a copy of the initial pleading.

39. Furthermore, this Notice of Removal complies with the requirement of 28 U.S.C. § 1446(c)(1) because the State Court Action was commenced less than one year ago.

40. In accordance with 28 U.S.C. § 1446(a), **Exhibit 1** contains copies of all process, pleadings, and order in the State Court Action that have been served on defendants.

41. Under 28 U.S.C. § 1446(d), separate copies of this Notice are being sent to plaintiffs' counsel and filed with the Washtenaw County Circuit Court in the State Court Action.

42. As evidence by the filing of this Notice of Removal on behalf of all defendants, each defendant who has been properly joined and served has joined in and consents to the removal of this action.

43. The undersigned has read this notice of removal and to the best of the undersigned's knowledge, formed after reasonable inquiry, it is well-grounded in fact, is warranted by existing law and is not interposed for any improper purpose. This notice of removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

44. Based upon the foregoing true and correct allegations of this Notice, this action is removeable to the United States District Court for the Eastern District of Michigan, Southern Division pursuant to 28 U.S.C. § 1441(a).

45.　In the event that plaintiffs seek to remand the case, or the Court considers remand *sua sponte*, defendants respectfully request the opportunity to submit such additional argument or evidence in support as may be necessary.

WHEREFORE, defendants through the filing of this Notice of Removal, the giving of written notice to plaintiffs, and the filing of a copy of this Notice of Removal with the clerk of the Washtenaw County Circuit Court, effects the removal of said civil action to this Honorable Court.

Respectfully submitted,

BODMAN PLC

By: /s/ J. Adam Behrendt
J. Adam Behrendt (P58607)
Debani T. Gordon Lehman(P83909)
201 W. Big Beaver Road, Suite 500
Troy, MI  48084
(248) 743-6000
jbehrendt@bodmanlaw.com
dgordon@bodmanlaw.com

March 20, 2025.　　　　　　　　　　　　　　*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on March 20, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I also served the foregoing by email and U.S. Mail upon:

WASHTENAW COUNTY PROSECUTOR'S OFFICE
Attn: Todd Ryan
P.O. Box 8645
Ann Arbor, MI  48107
ryant@washtenaw.org

CONLIN McKENNEY & PHILBRICK PC
Attn: Randolph T. Barker
350 Main St., Suite 400
Ann Arbor, MI  48104
barker@cmplaw.com

                                          By: /s/ J. Adam Behrendt
                                          J. Adam Behrendt (P58607)
                                          Debani T. Gordon Lehman(P83909)
                                          201 W. Big Beaver Road, Suite 500
                                          Troy, MI  48084
                                          (248) 743-6000
                                          jbehrendt@bodmanlaw.com
                                          dgordon@bodmanlaw.com
March 20, 2025.                            *Attorneys for Defendants*