## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WASHTENAW COUNTY PROSECUTING
ATTORNEY, *ex rel.* the People of the State
of Michigan, et al.,

      Plaintiffs,                    Case No. 25-cv-10783

v.                                  The Hon. Matthew F. Leitman

VALLEYTREE PARTNERS LLC, et al.,        Magistrate Judge
                                           Kimberly G. Altman

      Defendants.

_____/

## <u>PLAINTIFFS' JOINT MOTION TO REMAND</u>

Plaintiff Washtenaw County Prosecuting Attorney, *ex rel*. the People of the State of Michigan and Plaintiff City of Ypsilanti move, under 28 U.S.C. § 1447(c), to remand this case to the 22nd Judicial Circuit for the State of Michigan because this Court does not have subject matter jurisdiction.

On March 18, 2025, Plaintiffs filed a Joint Motion for Preliminary Injunction, scheduled to be heard on March 24, 2025. Motion Packet, PageID.208-1476 (with companion procedural Motion); Register of Actions, PageID.24.

On March 20, 2025, Defendants filed a Notice of Removal that took this case from the 22nd Judicial Circuit for the State of Michigan to the U.S. District Court for the Eastern District of Michigan. Notice, PageID.1-1535. The sole claimed basis for removal was federal diversity jurisdiction. *Id*. ¶ 3, PageID.2-3.

However, here, there is no federal diversity jurisdiction.  Federal diversity jurisdiction requires complete diversity.  *E.g.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978).  Here, there are, not one, but two non-diverse parties that destroy diversity jurisdiction.

First, States do not have citizenship for diversity jurisdiction purposes.  *E.g.*, *Moor v. Alameda Cnty.,* 411 U.S. 693, 717 (1973).  The State of Michigan, acting through the Washtenaw County Prosecutor, is a real party in interest, twice over. With public nuisance, the State is asserting its sovereign and quasi-sovereign authority.  *E.g.*, *Kentucky v. Biden*, 23 F.4th 585, 599 (6th Cir. 2022).  With the Michigan Consumer Protection Act, the State is asserting its sovereign and quasi-sovereign authority.  *See Nessel ex rel. Michigan v. Amerigas Partners*, 954 F.3d 831, 835 (6th Cir. 2020).  Therefore, the noncitizen State of Michigan has a real and substantial stake in the litigation, *cf. Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980), and the case must be remanded.

Second, Defendant Amy Vujnov is a Michigan citizen for diversity purposes, the same citizenship as Plaintiff City of Ypsilanti.  Defendants claim Plaintiffs fraudulently joined Defendant Vujnov, but Plaintiffs have strong and meritorious claims for liability against her.  Defendants have, at best, offered an unsupported factual dispute regarding the liability of Defendant Vujnov, Notice of Removal ¶ 28, PageID. 12 (saying Plaintiffs "allegations are simply untrue"), which is

2

insufficient to satisfy a Rule 56 Motion for Summary Judgment, let alone a Rule 12(b)(6) Motion to Dismiss, and certainly not the higher standard for fraudulent joinder.  *See, e.g.*, *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 956 (6th Cir. 2011).

Under either of these two dispositive jurisdictional failings, Defendants have failed to show an objectively reasonable basis for removal, *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005), and therefore statutory costs and expenses should be awarded.  28 U.S.C. § 1447(c); *see also* FED. R. CIV. P. 11(c)(3) (Court may order Defendants to show cause why the Notice of Removal was: (A) well-grounded in fact, though it failed to provide any evidence re: undisputed facts to support fraudulent joinder, (B) was warranted by existing law, despite the black letter law regarding the State's interest in abating public nuisances and the Sixth Circuit precedent regarding the State's interest in the Michigan Consumer Protection Act; and despite a factual dispute being insufficient to show fraudulent joinder as a matter of law, and (C) was not interposed for the improper purpose of delaying the hearing on the merits of a Motion for Preliminary Injunction regarding the health and safety of hundreds of families that was pending in state court at the time of removal).  As just one example, *compare Kentucky v. Biden*, 23 F.4th 585, 599 (6th Cir. 2022) ("the state is not merely a nominal party") *and* Compl. ¶ 24, PageID.40 ("Plaintiff State of Michigan is acting through . . . the duly

elected Washtenaw County Prosecutor"), *with* Notice ¶ 7, PageID.3 ("the Prosecuting Attorney is merely a nominal party").

In addition, in a prescient attempt to avoid unfounded litigation delays, in the very Complaint itself, Plaintiffs put Defendants on notice—with citation to case law—that the Prosecutor is acting on behalf of the State, and therefore, there is no federal diversity jurisdiction.  Compl. ¶ 41(b), PageID.48 (citing *Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25, 34 (D.D.C. 2009)).  In their Complaint, Plaintiffs also put Defendants on notice of the special nature of the public enforcement class action at issue, with a citation to Sixth Circuit case that discusses the State's sovereign and quasi-sovereign at stake in Michigan Consumer Protection Act.  Compl. ¶ 131, PageID.74-75 (citing *Nessel ex rel. Michigan*, 954 F.3d at 857).  Finally, Plaintiffs sought concurrence in this Motion to Remand through both a detailed email with additional legal bases for remand, and through direct interaction before the Court at a Status Conference, so there was a conference between attorneys (and the Court) on the motion in which Plaintiffs explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.  Therefore, Plaintiffs request the Court tax costs and attorneys fees for unreasonable withholding of consent to remand.  E.D. MICH. L.R. 7.1(a)(3).

**RELIEF REQUESTED**

WHEREFORE, on behalf of the People of the State of Michigan, Plaintiff

Eli Savit, Prosecuting Attorney for Washtenaw County, and Plaintiff City of

Ypsilanti, respectfully request that this Court:

A. Remand this case to the 22nd Judicial Circuit for the State of

   Michigan, pursuant to 28 U.S.C. § 1447(c);

B. Order Defendants to pay just costs and any actual expenses, including

   attorney fees, incurred as a result of the removal and for the

   unreasonable withholding of consent to this Motion, pursuant to 28

   U.S.C. § 1447(c) and E.D. MICH. LR 7.1(a)(3); and

C. Any other relief this Court finds equitable and just.

Respectfully submitted,

Dated: April 9, 2025                 WASHTENAW COUNTY PROSECUTOR


/s/ Todd Ryan
Todd Ryan (P81848)

Eli Savit (P76528)
Victoria Burton-Harris (P78263)
Todd Pierce-Ryan (P81848)
*Attorneys for Plaintiff State of Michigan*
P.O. Box 8645
Ann Arbor, MI 48107
(734) 222-6620
*ryant@washtenaw.org*

5

Dated: April 9, 2025                    CONLIN, MCKENNEY & PHILBRICK, P.C.

                                    _/s/ with consent of Randolph Barker_
Randolph T. Barker (P62604)

Randolph T. Barker (P62604)
W. Daniel Troyka (P65155)
Andrew D. Sugerman (P46687)
*Attorneys for Plaintiff City of Ypsilanti*
350 S. Main Street, Ste. 400
Ann Arbor, MI  48104-2131
(734) 761-9000
*barker@cmplaw.com*

## CERTIFICATE OF SERVICE

I certify that, on April 9, 2025, I electronically filed the foregoing document, with the accompanying Brief in Support with exhibits, and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                    /s/ Todd Ryan
Todd Ryan (P81848)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WASHTENAW COUNTY PROSECUTING
ATTORNEY, *ex rel.* the People of the State
of Michigan, et al.,

      Plaintiffs,

v.

VALLEYTREE PARTNERS LLC, et al.,

      Defendants.

_____/

Case No. 25-cv-10783

The Hon. Matthew F. Leitman

Magistrate Judge
Kimberly G. Altman

---

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES                                                                                     ii

INTRODUCTION AND SUMMARY OF ARGUMENT                                          1

PROCEDURAL TIMELINE                                                                            2

ARGUMENT                                                                                              4

**I.    The State of Michigan is a Real Party in Interest That            4
Cannot Be Removed Based on Diversity Jurisdiction.**

    A. The diversity jurisdiction statute is subject to strict construction   5
with any and all doubts resolved against removal.

    B. Here, the Prosecutor is acting on behalf of the State of Michigan.   6

    C. The State of Michigan is the real party in interest for the           9
Prosecutor's public nuisance claims.

    D. The State of Michigan is the real party in interest for the          11
Prosecutor's Michigan Consumer Protection Act claims.

**II.    Plaintiffs have strong and meritorious claims against            16
Defendant Amy Vujnov; Plaintiffs did not fraudulently
join Amy Vujnov.**

    A. The legal standard is even higher for fraudulent joinder than       16
for the general construction of the diversity jurisdiction statute.

    B. First, in their Complaint, Plaintiffs stated colorable claims        18
upon which relief can be granted against Defendant Amy Vujnov.

        1. Plaintiffs presented colorable claims of public nuisance      18
against Defendant Vujnov in the first instance.

        2. Plaintiff Prosecutor presented colorable claims of violations   21
of the Michigan Consumer Protection Act against Defendant
Vujnov in the first instance.

    C. Second, Defendants failed to offer any evidence to support         23
fraudulent joinder, let alone evidence that would not be
subject to factual dispute.  In contrast, Plaintiffs do have
additional allegations that could be made regarding
Defendant Vujnov, along with supporting materials.

CONCLUSION                                                                                          25

# TABLE OF AUTHORITIES

## Cases

*Att'y Gen. ex rel. Dir. of Dep't of Nat. Res. v. Acme Disposal Co.*, 473 N.W.2d 824 (Mich. Ct. App. 1991)................................................................................19

*Att'y Gen. ex rel. Michigan Bd. of Optometry v. Peterson*, 164 N.W.2d 43 (Mich. 1969) ................................................................................ 10, 19

*Att'y Gen. v. PowerPick Club*, 783 N.W.2d 515 (Mich. Ct. App. 2010).............9, 10

*Batoff v. State Farm Ins. Co.*, 977 F.2d 848 (3d Cir. 1992) ...................................17

*Bronson v. Oscoda Twp*, 188 Mich App 679 (1991)..........................................9, 19

*Com. ex rel. Stumbo v. Marathon Petroleum Co., LLC*, No. 3:07-cv-00030, 2007 WL 2900461 (E.D. Ky. Oct. 3, 2007) .......................................... 14, 15

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488 (6th Cir. 1999) ........................ 17, 22, 23

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1 (1983)..................................................................5

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014) ..........................22

*Hartman & Eichhorn Bldg. Co., Inc. v. Dailey*, 701 N.W.2d 749 (Mich. Ct. App. 2005), *vacated on other grounds*, 732 N.W.2d 108 (Mich. 2007)......................21

*Healy v. Ratta*, 292 U.S. 263 (1934)..................................................................5, 16

*Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25 (D.D.C. 2009)....... 4, 8, 14

*Hood ex rel. Mississippi v. Microsoft Corp.*, 428 F. Supp. 2d 537 (S.D. Miss. 2006) ................................................................................13

*Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485 (6th Cir. 2013) ................................................................................17

*Kentucky v. Biden*, 23 F.4th 585 (6th Cir. 2022) ...................................................11

*Moor v. Alameda Cnty.*, 411 U.S. 693 (1973) ...................................................4, 15

*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980) ....................................................8

*Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831 (6th Cir. 2020)5, 7, 12, 13, 15

*Nessel on behalf of People of Michigan v. Enbridge Energy, LP*, 104 F.4th 958 (6th Cir. 2024)..................................................................................3

*Mays v. City of Flint, Mich.*, 871 F.3d 437 (6th Cir. 2017) ......................................5

*Ohio ex rel. Dann v. Citibank (S. Dakota), N.A.*, No. 2:07-cv-1149, 2008 WL 1990363 (S.D. Ohio May 1, 2008) ....................................................15

*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978)................................16

*People ex rel. Hughes v. May*, 3 Mich. 598 (Mich. 1855)........................................6

*People ex rel. Oakland Cnty. Prosecuting Att'y v. Kevorkian,* 210 Mich. App. 601 (1995)................................................................................................10

*Postal Tel. Cable Co. v. State of Alabama*, 155 U.S. 482 (1894)..............................4

*Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir.2004) (en banc) ..............................................................................................................24

*State of Ga. v. Tennessee Copper Co.*, 206 U.S. 230, 237 (1907)............. 10, 11, 15

*Stone v. South Carolina*, 117 U.S. 430, 433 (1886) ..................................................4

*Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 956 (6th Cir. 2011).... 18, 21, 23, 24

*Wayne Cnty. Exec. v. Acorn Inv. Co.*, No. 248925, 2005 WL 17764, at *4 (Mich. Ct. App. Jan. 4, 2005) .......................................................................7, 10

*Wayne Cnty. Prosecuting Att'y v. City of Detroit*, 204 Mich. App. 94......................7

*Wisconsin v. Abbott Lab'ys*, 341 F. Supp. 2d 1057, 1063 (W.D. Wis. 2004).... 8, 13, 14, 15

## Laws

28 U.S.C. § 1332 .................................................................................................4, 15

28 U.S.C. § 1446 .................................................................................................2, 3

28 U.S.C. § 1447 .....................................................................................................15

MICH. CONST. art. 7, § 4 ..........................................................................................6

MICH. COMP. LAWS § 49.72 (2025) ..........................................................................7

MICH. COMP. LAWS § 49.153 (2025) .........................................................................6

MICH. COMP. LAWS § 445.903 (2025) ......................................................................14

MICH. COMP. LAWS § 445.905 (2025) ................................................................ 13, 14

MICH. COMP. LAWS § 445.910 (2025) ................................................................ 11, 14

MICH. COMP. LAWS § 445.915 (2025) ............................................................. 7, 12, 15

YPSILANTI, MICH., CODE § 18-131(e) ......................................................................24

## Court Rule

FED. R. CIV. P. 12(b) ...........................................................................................3, 17

## Treatise

14C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 3723.1 (4TH ED. 2024). ...............................................................16

iii

## <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>

There is no federal jurisdiction here.  The allegations of ongoing harm to the health and safety of hundreds of families living at Arbor One Apartments demand a speedy determination on the merits of the Motion for Preliminary Injunction that was already filed in state court.  As a matter of pure expediency, Plaintiffs would proceed in federal court.  However, subject matter jurisdiction may not be waived; subject matter jurisdiction does not here exist; and this improperly removed case should be swiftly remanded to state court for two, independently sufficient reasons:

First, the State of Michigan cannot be a citizen of itself, so the State destroys diversity jurisdiction as a noncitizen.  The State is a real party in interest asserting its own sovereign and quasi-sovereign interests under each of three different causes of action: under common law public nuisance, public nuisance based on violations of law (public nuisance per se), and the Michigan Consumer Protection Act.  Therefore, the case must be remanded.

Second, the presence of a Michigan-citizen plaintiff (City of Ypsilanti) and a Michigan-citizen defendant (Amy Vujnov) destroys diversity jurisdiction.  Plaintiffs did not fraudulently join Defendant Vujnov to defeat diversity jurisdiction.  Rather, she is a defendant because there are powerful claims against her for individual liability because she directly participated in the alleged events in a myriad of ways.  Therefore, the case must be remanded.

1

## PROCEDURAL TIMELINE

On February 19, 2025, Plaintiffs filed a Complaint against Defendants in the 22nd Judicial Circuit for the State of Michigan.  Compl., PageID.26-141.

On February 21, 2025, Plaintiffs provided Defendants, though counsel, with notice of the lawsuit, including the Complaint, Jury Demand, Summonses, and a Preservation Demand, and requested that Defendants accept service.[1]  Email, Todd Ryan, Counsel for Prosecutor, and Adam Behrendt, et al., Counsel for Defendants (Feb. 21, 2025) (attached as Exhibit 1).

On March 3, 2025, counsel signed Acknowledgements of Service for all Defendants.  Acknowledgments, PageID.184-203.

On March 18, 2025, Plaintiffs filed a Joint Motion for Preliminary Injunction, scheduled to be heard on March 24, 2025.  Motion Packet, PageID.208-1476 (with companion procedural Motion); Register of Actions, PageID.24.

On March 20, 2025, Defendants filed a Notice of Removal in the U.S. District Court for the Eastern District of Michigan.  Notice, PageID.1-1535.

---

[1] This notice began the 30-day period to file the notice of removal.  28 U.S.C. § 1446(b)(1) ("through service or otherwise").  In addition, other agents of Defendants had contact with reporters regarding the media coverage of the lawsuit.

On March 27, 2025, Defendants filed an Answer and Affirmative Defenses in federal court.[2]  Answer, PageID.1549-1642.

On March 28, 2025, Plaintiffs requested concurrence on a Motion to Remand, providing detailed bases for the remand.  Email Exchange, Todd Ryan, Counsel for Prosecutor, and Adam Behrendt, Counsel for Defendants (Mar. 28, 2025) (attached as Exhibit 2).  Defendants rejected the request for concurrence.  *Id*.

On March 28, 2025, the Court heard a Status Conference regarding the case where Plaintiffs also explained the request to remand.

On March 31, 2025, Defendants filed a Supplement to Notice of Removal.[3]  Supplement, PageID.1747-1753.

---

[2] Defendants did not file a Motion to Dismiss.  FED. R. CIV. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").  Nor did Defendants allege in their Answer and Affirmative Defenses that Plaintiffs failed to state a claim.

[3] Defendants only filed this "Supplement to Notice of Removal" after Plaintiffs' request for concurrence flagged the deficient information, instead of concurring in the remand.  Defendants filed this "Supplement" without any request to the Court for leave, and without any citation for their authority to do so.  The filing was after the 30-day period to file a Notice of Removal had ended.  *See supra* n. 1.  However, "§ 1446(b)'s time limitations are mandatory. When invoked in a timely motion to remand, these limitations leave no room for equitable exceptions."  *Nessel on behalf of People of Michigan v. Enbridge Energy, LP*, 104 F.4th 958, 971 (6th Cir. 2024).

3

## **ARGUMENT**

There is no federal subject matter jurisdiction here.  First, the State of Michigan, as a noncitizen party in interest, destroys diversity jurisdiction.  Second, the non-diverse defendant, Amy Vujnov, destroys diversity jurisdiction.  The case must be remanded.

### I.  **The State of Michigan is a Real Party in Interest That Cannot Be Removed Based on Diversity Jurisdiction.**

The black letter law, established beyond question for over a century, is that "[a] state is not a citizen." *Postal Tel. Cable Co. v. State of Alabama*, 155 U.S. 482, 487 (1894).  After all, "a state cannot, in the nature of things, be a citizen of any state." *Stone v. South Carolina*, 117 U.S. 430, 433 (1886).  "There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda Cnty.,* 411 U.S. 693, 717 (1973).

Here, the State—acting through the Prosecuting Attorney—is a proper plaintiff, acting to assert the State's own interests in this matter.  *See* discussion *infra* Sections I.B, I.C.  As the State of Michigan cannot be a citizen of itself, there is accordingly no "complete diversity" under 28 U.S.C. § 1332, and this Court does not have subject matter jurisdiction.  *See, e.g.*, *Hood v. F. Hoffman-La Roche, Ltd*., 639 F. Supp. 2d 25, 34 (D.D.C. 2009) ("complete diversity is lacking so long as the State of Mississippi also is a real party in interest").  Remand is required.

4

**A. The diversity jurisdiction statute is subject to strict construction with any and all doubts resolved against removal.**

The diversity jurisdiction statute is strictly construed.  "The policy of the statute calls for its strict construction." *Healy v. Ratta*, 292 U.S. 263, 270 (1934). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Id*.  For that reason, "the burden of establishing federal court jurisdiction" is on the Defendants, and "all doubts should be resolved against removal." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (internal quotation marks and citation omitted) (considering federal-officer removal statute).

In addition, here, the need for the careful balancing of federal and state powers is at its apex because the State of Michigan, acting through the Prosecutor, is a named party with sovereign interests directly at stake in the matter.  *See, e.g.*, *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 22 (1983) ("considerations of comity make us reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it"); *accord Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831, 837 (6th Cir. 2020) (quoting same).  Defendants' Notice of Removal does not come close to satisfying this exacting legal standard to establish federal diversity jurisdiction, for the following reasons.

5

**B. Here, the Prosecutor is acting on behalf of the State of Michigan.**

As a preliminary matter, the Prosecutor is unambiguously acting on behalf of the State. *See, e.g.*, Compl. at 1, PageID.26 (name of party in caption with "*ex rel.* the People of the State of Michigan*", counsel appearing "for Plaintiff State of Michigan,"); Compl. at 2, PageID.27 ("On behalf of the People of the State of Michigan"); Compl. ¶ 24, PageID.40 ("Plaintiff State of Michigan is acting through . . . the duly elected Washtenaw County Prosecutor"); Compl. ¶ 41(b), PageID.48 ("Plaintiff Prosecuting Attorney is acting on behalf of . . . the People of the State of Michigan.").

The Prosecutor is authorized to act on behalf of the State. Michigan's Constitution provides that "[t]here shall be elected for four-year terms in each organized county . . . a prosecuting attorney, whose duties and powers shall be provided by law." MICH. CONST. art. 7, § 4. In turn, the Michigan Legislature "provided by law" that "prosecuting attorneys shall, in their respective counties, appear *for the state* or county" in "all prosecutions, suits, applications and motions *whether civil or criminal,* in which *the state* or county may be a party or interested." MICH. COMP. LAWS § 49.153 (2025) (emphases added). The Prosecutor's civil authority to act for the State is another legal principle established beyond question for over a century. *People ex rel. Hughes v. May*, 3 Mich. 598, 606 (Mich. 1855) ("By the revised statutes of 1846 . . . the duties of this officer are prescribed; and

among other things, he is required to appear and prosecute causes, whether civil or criminal, in which the state or county is a party"). The broad statutory authority to act on behalf of the State includes the ability to enjoin public nuisances. *E.g.*, *Wayne Cnty. Exec. v. Acorn Inv. Co.*, No. 248925, 2005 WL 17764, at *4 (Mich. Ct. App. Jan. 4, 2005) ("the prosecutor had standing to prosecute and initiate a cause of action to enforce state abatement and nuisance actions"). The Michigan Consumer Protection Act also authorizes the Prosecutor to act on behalf of the State for to protect consumers. *Compare* MICH. COMP. LAWS § 445.915 (2025) ("a prosecuting attorney may . . . institute and prosecute an action under this act in the same manner as the attorney general"), *with Nessel ex rel. Michigan*, 954 F.3d at 833 ("The State of Michigan, through its Attorney General . . .").

Indeed, in Washtenaw County, the Prosecutor may *only* act in civil suits on behalf of the State because Washtenaw County has separate corporation counsel for the civil representation of the County. *See* MICH. COMP. LAWS § 49.72 (2025) (if corporation counsel represents the county in civil matters, the prosecuting attorney shall not represent the county). Of course, Washtenaw County having corporation counsel "does not prevent plaintiff from representing the *state's* interests in civil matters." *Wayne Cnty. Prosecuting Att'y v. City of Detroit*, 204 Mich. App. 94, 95 n. 1 (1994) (emphasis in original). And an action on behalf of the State is exactly what the Prosecutor has filed here.

7

In the Notice of Removal, Defendants do not (and cannot) dispute that the State of Michigan is a party to this case. The Complaint, moreover, placed Defendants on full notice that "where the state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship." Compl. ¶ 41(b), PageID.48 (quoting *Hood,* 639 F. Supp. 2d at 33).

As a basis for removal, Defendants breezily conclude that the Prosecutor is not "exercising his prosecutorial power," Notice ¶ 6, PageID.3, despite the fact that the Prosecutor's constitutional and statutory powers are the very basis for the claims at issue. *See* discussion *supra* at 6-7. Defendants also claim that the Prosecutor is a "nominal party" as "evidenced by the civil claims," Notice ¶ 6-7, despite the fact that States of course have interests in civil claims, and the Prosecutor's civil authority to act for the State has been firmly established since the 1840's. *See* discussion *supra* at 6-7. Instead, they assert, the Prosecutor is "merely a nominal party" who is "acting on behalf of private parties" and may therefore "be disregarded for diversity purposes." Notice ¶ 7, PageId.3.

That is wrong. The noncitizen State of Michigan has a "real and substantial" stake in the litigation due to its sovereign and quasi-sovereign interests at issue. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (discussing sufficiency of interests of individual trustees of a business trust for purposes of diversity jurisdiction); *e.g.*, *Wisconsin v. Abbott Lab'ys*, 341 F. Supp. 2d 1057, 1063 (W.D.

8

Wis. 2004) (determining Wisconsin to be a real party in interest due to "substantial stake" in the outcome).

**C. The State of Michigan is the real party in interest for the Prosecutor's public nuisance claims.**

In the Notice of Removal, Defendants entirely ignored the public nuisance claims brought on behalf of the State. *Id*. ¶¶ 6-7. Standing alone, these claims fatal to Defendants' assertion that the State is a "nominal party" here. *Id*. at ¶ 7.

As the name suggests, a "public nuisance" is an action that deals with matters of *public* concern. A "public nuisance in fact" encompasses anything that interferes "with the public health, the public safety, the public morals, the public comfort, and the public convenience in travel." *Bronson v. Oscoda Twp*, 188 Mich App 679, 684 (1991) (citations omitted). A "public nuisance per se" encompasses acts that "flow from the violation of a valid statute enacted to preserve public health, safety and welfare." *Att'y Gen. v. PowerPick Club*, 783 N.W.2d 515, 532 (Mich. Ct. App. 2010) (citation omitted).

Here, the Complaint alleged that Defendants' actions created and maintained both a public nuisance in fact and a public nuisance per se. To take just one example that is a matter of public concern involving the public safety, health, and welfare: Arbor One has already experienced a fire that destroyed one of its apartment buildings. *See* Compl. ¶ 95, PageID.63-64. Nevertheless, the alleged conditions at Arbor One—exposed live wire, broken smoke detectors, and broken heating

9

system—continue to be ripe for yet another calamitous fire.  *Id.*  And as to public nuisance per se, the Complaint alleged that Defendants are continuing to violate the Housing Law of Michigan and the Ypsilanti City Code, thus squarely violating laws that were "enacted to protect public health, safety and welfare."  Compl. ¶¶ 101-109, PageID.65-66; *see also PowerPick Club*, 783 N.W.2d at 532.

These public nuisance claims, it bears emphasis, implicate fundamental State interests.  The proper government official acts "on behalf of the people" to protect the State's interest in preserving the "public health, safety and welfare.  *Att'y Gen. ex rel. Michigan Bd. of Optometry v. Peterson*, 164 N.W.2d 43, 53 (Mich. 1969).  Again, it is well-established in Michigan that the Prosecutor is a proper government official to bring public nuisance claims on behalf of the State.  *See, e.g.*, *People ex rel. Oakland Cnty. Prosecuting Att'y v. Kevorkian,* 210 Mich. App. 601, 605 (1995) (upholding public nuisance suit filed on behalf of the State by Prosecuting Attorney); *Wayne Cnty. Exec.*, 2005 WL 17764, at *4 ("It is clear from the plain language of MCL 49.153 that the prosecutor had standing to prosecute and initiate a cause of action to enforce state abatement and nuisance actions.").

And when the State has a public nuisance claim, it is not acting in a nominal capacity.  To the contrary: when the State brings a public nuisance claim, it is based on "an injury to it in its capacity of quasi-sovereign."  *State of Ga. v. Tennessee Copper Co.*, 206 U.S. 230, 237 (1907).  With public nuisance, the State's interests

are "*independent . . . of its citizens.*"  *Id.*  Indeed, the classic cases regarding State

interests involve public nuisances, where the State of Michigan has "a recognized

quasi-sovereign interest" that is "apart from the interests of particular private

parties" and where, "in other words, the state is not merely a nominal party."

*Kentucky v. Biden*, 23 F.4th 585, 599 (6th Cir. 2022) (internal quotation marks and

citations omitted).  Thus—far from being a "nominal party" that is merely "acting

on behalf of private parties," Notice ¶¶ 6-7, PageID.3-4—the State here is acting

based on its own sovereign and quasi-sovereign interests in defending the *public*

health, safety, and welfare and the State's laws related thereto.  It is a real party in

interest for that reason alone.

### D. The State of Michigan is the real party in interest for the Prosecutor's Michigan Consumer Protection Act claims.

Defendants address the State's interest in two paragraphs that only address

*one part* of the relief sought in *one* of the State's Counts.  *See id.*  The only support

Defendants provide for their assertion that the State is a "nominal party" is a passing

citation to MICH. COMP. LAWS § 445.910 (2025), which allows the Attorney General

to bring a class action on behalf of injured citizens.  Notice ¶ 6, PageID.3.  But even

if this case were exclusively focused on the Michigan Consumer Protection Act

(which it is not), Defendants reliance on the class-action provision of that Act is

misplaced.  Because as the Sixth Circuit has already made clear, that provision does

not render the State a "nominal party" that can be ignored for jurisdictional purposes.

11

In *Dana Nessel, Attorney General of the State of Michigan, ex rel., The People of the State of Michigan v. Amerigas Partners, L.P.*, the Sixth Circuit recently affirmed the remand of the Attorney General's Michigan Consumer Protection Act class action claims.  954 F.3d 831 (6th Cir. 2020).[4]  There, the Attorney General brought her lawsuit under the same class action section of the Michigan Consumer Protection Act on which Defendants rely here.  *Id.* at 838.  In evaluating this cause of action, the Sixth Circuit concluded that the Attorney General brought her claims "in order to vindicate <u>the State's</u> *sovereign and quasi-sovereign interest* in deterring Defendants from engaging in unfair trade practices and recompensing Michigan consumers who suffered from Defendants' alleged acts, as the Michigan Legislature has authorized her to do."  *Id.* at 835 (emphasis added).

The same is true here.  Here, the Prosecutor—who is empowered to enforce the Act in the "in the same manner as the attorney general," MICH. COMP. LAWS § 445.915 (2025)—invoked the exact same statutory provision.  *Compare Nessel ex rel. Michigan*, 954 F.3d at 833, *with* Compl. ¶¶ 53, 131-132, PageId.46, 74-75.  Like the Attorney General, here, the Prosecutor is acting as "a representative of the State" to vindicate the *State's* "sovereign and quasi-sovereign interest."  *Nessel ex rel. Michigan*, 954 F.3d at 835.  *Nessel ex rel. Michigan* thus precludes Defendants'

---

[4] Plaintiffs cited this case in their Complaint to highlight the special nature of the Michigan Consumer Protection Act's "public enforcement class action mechanism."  Compl. ¶ 131, PageID.74-75.

unreasoned assertion that the State is a "nominal party," acting on behalf of private interests.  And for that reason alone, this case should be remanded.

And in fact, the State's interests here go far beyond seeking relief for consumers that have been harmed.  The State is also seeking injunctive relief under a *separate* section of the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.905 (2025), to prevent *future* harm.  *See* Compl. ¶¶ 132, D(1)-D(4), PageID.75, 79-80.  By way of example: the State is seeking an injunction not just to protect the current tenants who might be part of a class action (*e.g.*, requiring "maintenance and repair . . . in keeping with reasonable consumer expectations" Compl. ¶ D(3), PageID.80), but also to protect *future* consumers who are not part of that class (*e.g.*, requiring Defendants to "[s]top advertising for or soliciting to prospective tenants," Compl. ¶ D(1), PageId.79).  As multiple courts have held, the State is not a nominal party where it seeks "prospective relief goes beyond addressing the claims of previously injured organizations or individuals." *Wisconsin*, 341 F. Supp. 2d at 1063; *see also Hood ex rel. Mississippi v. Microsoft Corp*., 428 F. Supp. 2d 537, 546 (S.D. Miss. 2006) (State was "real party in interest" in antitrust action where, "[i]n addition to damages for the private plaintiffs," the State sought "prospective relief" that "goes beyond addressing the claims of previously injured organizations or individuals").

In addition to injunctive relief, the State seeks to recover civil fines of up to $25,000 per violation pursuant to MICH. COMP. LAWS § 445.905 (2025). Compl. ¶¶ 132, E(3), PageID.75, 80. That law allows the State—and *only* the State—to seek civil fines. As other courts have concluded, that is sufficient to defeat Defendants' assertions that the State is a mere "nominal party." *Com. ex rel. Stumbo v. Marathon Petroleum Co., LLC*, No. 3:07-cv-00030, 2007 WL 2900461, at *5 (E.D. Ky. Oct. 3, 2007) (Kentucky was a "real party in interest" where it alleged violations of its Consumer Protection Act and sought a "declaration, injunction, and civil penalties," in addition to "restitution on behalf of particular consumers); *Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25, 33-34 (D.D.C. 2009) ("the State . . . at a minimum, is the real party in interest for the forfeiture and penalty claims" under the Mississippi Antitrust Act, and therefore "remand to the state court is warranted.").

Finally for the Michigan Consumer Protection Act, there is "express statutory authority" authorizing the Prosecutor to act like the Attorney General, that is, on behalf of the State, MICH. COMP. LAWS §§ 445.905, 910, 915 (2025), with enforcement powers directed to the prospective regulation of business conduct, MICH. COMP. LAWS § 445.903 (2025) (prohibiting deceptive, unfair, and unconscionable business behavior). That further buttresses the conclusion that the State has a real and substantial interest in this case. *See, e.g., Wisconsin*, 341 F. Supp. 2d at 1063 (State had a substantial interest because acting "pursuant to specific

14

statutory authority"); *Com. ex rel. Stumbo, 2007 WL 2900461,* at *4 (same); *Ohio ex rel. Dann v. Citibank (S. Dakota), N.A.*, No. 2:07-cv-1149, 2008 WL 1990363, at *3 (S.D. Ohio May 1, 2008) (same).

All of this means that the State (through the Prosecuting Attorney) cannot be deemed a mere "nominal party" for purposes of diversity jurisdiction for its Michigan Consumer Protection Act claims. That is true for the class action provision upon which Defendants rely, given the Sixth Circuit's conclusive determination that the State is pursuing *its* "sovereign and quasi-sovereign interests" when it brings a public class action. *Nessel ex rel. Michigan,* 954 F.3d at 835. And the State's interests are further buttressed by a more comprehensive analysis of the various forms of relief requested. *See, e.g.*, *Wisconsin*, 341 F. Supp. 2d at 1063 ("The fact that private parties may benefit monetarily from a favorable resolution of this case does not minimize or negate plaintiff's substantial interest").

As "[t]here is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction," *Moor*, 411 U.S. at 717, and the State of Michigan is a real party in interest asserting its sovereign and quasi-sovereign authority under each of its public nuisance, *Tennessee Copper Co.*, 206 U.S. at 237, and Michigan Consumer Protection Act counts, *Nessel ex rel. Michigan*, 954 F.3d at 835, there is no basis for diversity jurisdiction, 28 U.S.C. § 1332(a), and the case must be remanded to state court. 28 U.S.C. § 1447(c).

## II.     Plaintiffs have strong and meritorious claims against Defendant Amy Vujnov; Plaintiffs did not fraudulently join Amy Vujnov.

In addition to the dispositive jurisdictional issue of the State-as-party-in-interest, Defendants face a second dispositive jurisdictional failing because a Michigan resident, Amy Vujnov, is a Defendant.  Compl. ¶ 34(b), PageID.46; Notice ¶ 17, PageID.7 ("for purposes of diversity jurisdiction, Amy Vujnov is a citizen of Michigan").  "Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978).  Therefore, there is no complete diversity, and remand is required.

### A. The legal standard is even higher for fraudulent joinder than for the general construction of the diversity jurisdiction statute.

As with any case that is removed, the "policy of the statute calls for its strict construction."  *Healy*, 292 U.S. at 270; *see* discussion *supra* Section I.A.

To establish fraudulent joinder, Defendants must show either actual fraud (not alleged in the Notice of Removal), or that Plaintiffs "cannot state a claim for relief against" Defendant Vujnov (what is at issue here).  14C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 3723.1 (4th ed. 2024).

For considering the sufficiency of Plaintiffs' claims, fraudulent joinder replaces the familiar *Iqbal/Twombly* plausibility standard with a colorable standard.  "[I]f there is a colorable basis for predicting that a plaintiff may recover against

16

non-diverse defendants, this Court must remand the action to state court." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). That is, it is *harder* for Defendants to establish fraudulent joinder than it is for Defendants to prevail on a motion to dismiss. *See, e.g.*, *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) ("the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder"). "The combination of the 'colorable' standard with the requirement that all ambiguities of state law are to be resolved in favor of the non-removing party presents a significant hurdle. A defendant attempting to prove fraudulent joinder thus faces a particularly heavy burden." *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013).

Moreover, it is Defendants who "must present sufficient evidence that a plaintiff *could not have established a cause of action* against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493 (emphasis added). In other words, for fraudulent joinder, Defendants must show not only that Plaintiffs *did not* establish a cause of action through the allegations presented in the Complaint, but also that Plaintiffs *could not* have established a cause of action based on the Complaint or otherwise. *See id*. Even if Defendants here had presented "affidavits" or other "summary-judgment-type" materials with their Notice of

17

Removal or with their Answer—which they did not—Defendants may only present "true undisputed facts to the court's attention," and unlike in a Rule 56 Motion for Summary Judgment, Plaintiffs may simply contest the facts and are not required to present affidavits or other supporting materials to generate such a factual dispute. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 956 (6th Cir. 2011).

Here, under any standard, and particularly under that of fraudulent joinder, Plaintiffs have established multiple claims against Defendant Vujnov in the first instance, and Defendants have failed to present any evidence at all—let alone sufficient and undisputed evidence—that Plaintiffs could not have established a single cause of action against Vujnov.

**B. First, in their Complaint, Plaintiffs stated colorable claims upon which relief can be granted against Defendant Amy Vujnov.**

Plaintiffs brought five causes of action against all Defendants, including Defendant Amy Vujnov, alleging Public Nuisance in Fact, Public Nuisance Per Se, Violations of the Housing Law of Michigan, Violations of the Michigan Consumer Protection Act, and Declaratory Judgment. Compl. ¶¶92-138, PageID.63-77.

**1. Plaintiffs presented colorable claims of public nuisance against Defendant Vujnov in the first instance.**

For Counts I and II, the entire Complaint is replete with factual allegations to support the existence of a public nuisance at Arbor One Apartments, *see generally* Compl., PageID.26-141, both as a public nuisance in fact that threatens the public

18

health, safety, comfort, and welfare, *e.g.*, *Bronson.*, 470 N.W.2d at 690, and as a public nuisance *per se* where "[h]arm to the public is presumed to flow from the violation of a valid statute enacted to preserve public health, safety and welfare." *Peterson*, 164 N.W.2d at 53. Here, Plaintiffs alleged underlying violations of the Housing Law of Michigan and the City of Ypsilanti Code of Ordinances, both of which defined and prohibited nuisances, along with other protections for the public health and safety.  Compl. ¶¶ 46-56, 101-109, PageID. 49-52, 66.

For the question of who may be liable for these public nuisances, Michigan law is clear—and Defendants do not contest, Notice ¶¶ 23-25, PageID.9-11—that individual employees of a business may be liable for public nuisance.  *See, e.g.*, *Att'y Gen. ex rel. Dir. of Dep't of Nat. Res. v. Acme Disposal Co.*, 473 N.W.2d 824, 825 (Mich. Ct. App. 1991) ("under a public nuisance theory, we agree with plaintiff that employees of a corporation can, under certain circumstances, be held liable").

Here, Plaintiffs alleged that Defendant Vujnov had control and direct involvement with the creation and maintenance of nuisance conditions at Arbor One Apartments.  Compl. ¶¶ 100, 109, PageID.65-66.  "Liability for damage caused by a nuisance turns upon whether the defendant was in control."  *Acme Disposal*, 473 N.W.2d at 725.   Plaintiffs alleged that Amy Vujnov, as "Regional Property Manager," "was responsible for and has control over the renting, operation, management, and maintenance of Arbor One Apartments."  Compl. ¶ 34, PageID.45-

19

46.   In addition, Plaintiffs alleged that Defendant Vujnov has had personal involvement with and notice of issues at Arbor One Apartments.  Compl. ¶ 34(a), PageID.46.   Plaintiffs even included examples of Defendant Vujnov-specific conduct, including refusing to relocate a tenant from an apartment with unlivable conditions including a broken fire alarm, significant water damage, and mold growth, Compl. ¶¶ 62-64, PageID.53, and admitting "that no work had been done to correct the violations, prohibited re-inspection, and insisted that City officials immediately leave Arbor One Apartments."  Compl. ¶ 72(a), PageID.57.  Plaintiffs alleged that Regional Property Manager Vujnov (as one of "Each Defendant") had "power to control the activities of Arbor One Apartments . . . knew of the nuisances or should have known by exercising ordinary diligence . . . w[as] in a position to abate the nuisances" and "maintained and even exacerbated already dangerous conditions by refusing to perform necessary repairs and maintenance."  Compl. ¶¶ 96-99, PageID.64-65.

Defendants themselves make it clear that the matter of control is the subject of factual dispute: "To the extent that plaintiffs' [sic] allege Vujnov had 'control over renting, operation, management, and maintenance of Arbor One,' *these allegations are simply untrue*."  Notice ¶ 28, PageID. 12 (emphasis added); *compare* Compl. ¶ 34, PageID.45-46 (Vujnov "was responsible for and has control over"), *with* Notice ¶ 23, PageID. 9 ("Vujnov had no authority or control").  This is an admission that a

Rule 12(b)(6) Motion to Dismiss has no place here, let alone a claim of fraudulent joinder. *See, e.g.*, *Walker*, 443 F. App'x at 956.

Plaintiffs, accordingly, have thoroughly established public nuisance claims against Vujnov for pleading purposes. The allegations certainly clear the even lower bar for fraudulent joinder.  For this reason standing alone, this case should be remanded.

### 2. Plaintiff Prosecutor presented colorable claims of violations of the Michigan Consumer Protection Act against Defendant Vujnov in the first instance.

For Count IV,[5] once again, the entire Complaint is replete with factual allegations to support violations of the Michigan Consumer Protection Act.  *See generally* Compl., PageID.26-141.

For the question of who may be liable for these alleged violations, Michigan law is again clear—and Defendants do not contest, *see* Notice ¶ 27, PageID.11-12— that individuals may be liable for violations of the Michigan Consumer Protection Act.  *See, e.g.*, *Hartman & Eichhorn Bldg. Co., Inc. v. Dailey*, 701 N.W.2d 749, 752 (Mich. Ct. App. 2005), *vacated on other grounds*, 732 N.W.2d 108 (Mich. 2007)

---

[5] Plaintiffs also have colorable claims for individual liability against Defendant Vujnov for Counts III and V, but deem these Counts unnecessary to address given the dispositive strength of Counts I-II and IV.

("the Legislature intended to hold individuals, and not just their businesses, liable for conduct that violates the MCPA").

While the test for individual liability under the Michigan Consumer Protection Act is less developed than that under general tort or public nuisance claims, any questions on the law should be construed for a colorable pleading and against fraudulent joinder. "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493. Using the test in the analogous Federal Trade Commission Act, a case cited by Defendants, Notice ¶ 27, PageID.12, Plaintiffs may show either (1) direct participation, *or* (2) the authority to control the deceptive acts or practices—meaning here, direct participation is sufficient (and control is not required). *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 636 (6th Cir. 2014). In addition to direct participation or control, Plaintiffs must allege Defendant Vujnov knew or should have known of the deceptive acts or practices. *Id*.

For the first, Plaintiffs alleged direct participation. Compl. ¶¶ 34(a), 62-64, 72(a) PageID.46, 53, 57. And of course, Plaintiffs alleged control as well. *See* discussion *supra* Section II.B.1.

For the second, Plaintiffs alleged that Defendant Vujnov knew or should have known of the consumer protection violations, through her direct participation, Compl. ¶¶ 34(a), 62-64, 72(a) PageID.46, 53, 57, and by virtue of her position as "Regional Property Manager." Compl. ¶ 34, PageID.45-46.

Yet again, for this reason standing alone, this case should be remanded.

**C. Second, Defendants failed to offer any evidence to support fraudulent joinder, let alone evidence that would not be subject to factual dispute. In contrast, Plaintiffs do have additional allegations that could be made regarding Defendant Vujnov, along with supporting materials.**

Defendants "must present sufficient evidence that a plaintiff *could not have established a cause of action* against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493 (emphasis added).  In other words, for fraudulent joinder, Defendants must show not only that Plaintiffs *did not* establish a cause of action through the allegations presented in the Complaint, but also that Plaintiffs *could not* have established a cause of action based on the Complaint or otherwise. *See id.*

The Sixth Circuit discussed the limited circumstances in which the district court may pierce the pleadings in considering a motion to remand involving fraudulent joinder-allegations.

> the Fifth Circuit distinguished two approaches to determine whether a plaintiff has a reasonable basis of recovery under state law:
>
> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

23

*Walker*, 443 F. App'x at 952–53 (discussing and quoting *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir.2004) (en banc)).   In such circumstances, and only in such circumstances, may Defendants pierce the pleadings—but only to such limited inquiry as "is necessary to bring the true undisputed facts to the court's attention." *Id*. at 956.

While Plaintiffs could make numerous additional allegations regarding Defendant Vujnov's direct involvement with and liability for the situation at Arbor One Apartments, Plaintiffs are not required to do so, but may simply contest the facts and are not required to present affidavits or other supporting materials to generate such a factual dispute. *See id*.

But to present a single highlight of the available factual support for Plaintiffs' allegations, Defendant Vujnov herself has already claimed individual responsibility for Arbor One Apartments.   The City of Ypsilanti requires an individual—not a business entity—to take responsibility for the control of rental properties. YPSILANTI, MICH., CODE § 18-131(e) ("an individual who is either an owner or an agent must be designated.").   This designation "shall be prima facie evidence that the named individual has sufficient control over the building to be named as a defendant in a legal action to enforce compliance with the applicable provisions of the Ypsilanti City Code . . ." *Id*.   Here, Amy Vujnov claimed responsibility as an individual for Arbor One Apartments—in writing, that she signed personally, with

24

personal identifying information.  *See* City of Ypsilanti Property Registration Forms, Sept. 30, 2024 (attached as Exhibit 3).  And she did this eighteen (18) times, once for each occupied building at Arbor One Apartments.  *See id*.  To be clear, Defendant Vujnov signed up to be individually responsible over Arbor One Apartments for purposes of compliance with the City of Ypsilanti's Property Maintenance Code, *see id.* (signing as the "one individual" who "must claim responsibility") which means that Defendant Vujnov herself claimed responsibility for the very same underlying factual issues that Plaintiffs here alleged in support of the claims against her.

## **CONCLUSION**

For the foregoing reasons, this Court should hold that it lacks subject matter jurisdiction over this action and remand the case to state court.

Dated: April 9, 2025                    Respectfully submitted,


/s/ Todd Ryan                          /s/ with consent of Randolph Barker
Todd Ryan (P81848)                     Randolph T. Barker (P62604)

WASHTENAW COUNTY PROSECUTOR'S          CONLIN, MCKENNEY & PHILBRICK,
OFFICE                                 P.C.
*Attorney for Plaintiff State of Michigan*   *Attorney for Plaintiff City Ypsilanti*
P.O. Box 8645                          350 S. Main Street, Ste. 400
Ann Arbor, MI 48107                    Ann Arbor, MI 48104
(734) 222-6620                         (734) 761-9000
*ryant@washtenaw.org*                  *barker@cmplaw.com*