# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ELI SAVIT, PROSECUTING
ATTORNEY FOR WASHTENAW
COUNTY ex rel., the People of the
State of Michigan, and CITY OF
YPSILANTI,

      Plaintiffs,

v.

VALLEYTREE PARTNERS LLC, et al.,

      Defendants,

Case No. 2:25-cv-10783

Hon. Matthew F. Leitman

Mag. Kimberly G. Altman

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR
REMAND**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................i

CONCISE STATEMENT OF ISSUES PRESENTED ..........................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITIES......................vii

    I.     INTRODUCTION. ...........................................................1

    II.    STATEMENT OF FACTS............................................................2

    III.   ARGUMENT.................................................................3

A.  The complaint must be viewed as a whole to determine the real party in interest. ...............................................................................3

B.  The State of Michigan is not a real party in interest to the action. ...............4

    1.  The prosecutor is not representing the State's interests in its public nuisance claims...................................................................5

    2.  The prosecutor is not representing the State's interests in its MCPA Claims. ..........................................................................7

C.  The prosecutor is not acting under any of his prosecutorial powers. ...........8

D.  Plaintiffs' claims against defendant Vujnov fail as a matter of law. ..........10

    1.  The legal standard for fraudulent joinder is met. ....................................10

    2.  Plaintiffs' cannot sustain public nuisance or housing law claims against Vujnov individually........................................................12

    3.  Plaintiffs' MCPA claims fail to support individual liability against

4909-6725-0488_3

Vujnov. ................................................................................................12

4.  Plaintiffs' failure to address the declaratory relief claim against Vujnov

confirms its deficiencies. ...............................................................13

5.  Factual disputes cannot salvage legally deficient claims. .......................15

6.  The property registration forms are irrelevant to plaintiffs' claims against

Vujnov. ................................................................................................15

E.  Plaintiffs are not entitled to fees and costs.................................................17

CONCLUSION .................................................................................................18

4909-6725-0488_3

# TABLE OF AUTHORITIES

## U.S. SUPREME COURT CASES

*Worcester County Trust Co. v. Riley*,

    302 U.S. 292 (1937) ...........................................................................................3

*Indianapolis v. Chase Nat'l Bank*,

    314 U.S. 63 (1941) .............................................................................................9

*Lujan v. Defenders of Wildlife*,

    504 U.S. 555 (1992) .........................................................................................14

*Martin v. Franklin Capital Corp.*,

    546 U.S. 132 (2005) .........................................................................................17

## FEDERAL CASES

*Commonwealth ex rel. Stumbo v. Marathon Petroleum Co., LLC*,

    2007 U.S. Dist. LEXIS 74117; 2007 WL 2900461 (2007) ..............................3

*Nuclear Engineering Co. v. Scott*,

    660 F.2d 241 (7th Cir.1981)..............................................................................3

*Hood v. F. Hoffman-La Roche, Ltd.*,

    639 F. Supp. 2d 25 (D.D.C. 2009) ....................................................................4

*State ex rel. Guste v. Fedders Corp.*,

    524 F. Supp. 552 (D. La. 1981).........................................................................4

4909-6725-0488_3

*Dana Nessel, Attorney General of the State of Michigan, ex rel., The People of*

    *the State of Michigan v. Amerigas Partners, L.P.*,

    954 F.3d 831 (6th Cir. 2020)..................................................................7

*Connecticut v. Levi Strauss & Co.*,

    471 F. Supp. 363 (D. Conn. 1979) .....................................................7

*Graphic Resources Group, Inc. v. Honeybaked Ham Co.*,

    51 F. Supp. 2d 822 (E.D. Mich. 1999)..............................................10

*Jerome-Duncan, Inc. v. Auto-By-Tel. L.L.C.*,

    989 F. Supp. 839 (E.D. Mich. 1997)..................................................11

*Alexander v. Electronic Data Systems Corp.*,

    13 F.3d 940 (6th Cir. 1994)................................................................11

*PSA Quality Systems (Toronto), Inc. v. Sutcliffe*,

    256 F. Supp. 2d 698 (E.D. Mich. 2003).............................................11

*Guertin v. Michigan*,

    No. 16-CV-12412; 2017 U.S. Dist. LEXIS 85544; 2017 WL 2418007

    (2017) ...................................................................................................11

*Guertin v. Michigan*,

    912 F.3d 907 (6th Cir. 2019)............................................... 11, 12, 15

*Kelley ex rel. Michigan v. Kysor Indus. Corp.*,

    826 F. Supp. 1089 (W.D. Mich. 1993) ..............................................11

ii

*Walker v. Detroit Pub. Sch. Dist.*,

    535 F. App'x 461 (6th Cir. 2013) ............................................................... 12, 15

*F.T.C. v. E.M.A. Nationwide, Inc.*,

    767 F.3d 611 (6th Cir. 2014) ............................................................................12

*Coyne v. American Tobacco Co.*,

    183 F.3d 488 (6th Cir. 1999) ............................................................................15

**STATE CASES**

*Wayne Cnty. Exec. v. Acorn Inv. Co.*,

    No. 248925, 2005 WL 17764 (Mich. Ct. App. Jan. 4, 2005) ............................5

*Sholberg v. Truman*,

    496 Mich. 1; 852 N.W.2d 89 (2014) ..................................................................6

*Garfield Twp. v. Young*,

    348 Mich. 337; 82 N.W.2d 876 (1957) ..............................................................6

*McSwain v. Redford Township*,

    173 Mich. App. 492; 434 N.W.2d 171 (1988) .......................................... 11, 12

*Attorney Gen. ex rel. Director of Dep't of Natural Resources v. Acme Disposal*

    *Co.*,

    189 Mich. App. 722; 473 N.W.2d 824 (1991) .................................................11

*Cloverleaf Car Co. v. Phillips Petroleum Co.*,

    213 Mich. App. 186 (1994) ...............................................................................12

4909-6725-0488_3

*Hartman & Eichhorn Bldg. Co. v. Dailey*,

    266 Mich. App. 545; 701 N.W.2d 749 (2005) .......................................... 13, 15

*Van Buren Charter Twp. v. Visteon Corp.*,

    503 Mich. 960 (2019) .........................................................................14

## STATUTES

Mich. Code § 18 ......................................................................... vi, 16

Title 28 U.S.C. § 1447(c) ................................................................ vi

Title 28 U.S.C. § 1332 ...................................................................2, 4

Mich. MCL 49.153..........................................................................9

Mich. MCL 125.534(1) ...................................................................12

Title 28 U.S.C. § 2201 ...................................................................14

## STATE RULES

Michigan Court Rules Rule 2.605(A)(1) ................................................14

4909-6725-0488_3

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Whether remand is improper because the State of Michigan is not the real party in interest in an action where the Washtenaw County Prosecutor has brought suit on behalf of a discrete group of Ypsilanti tenants, seeking relief that would inure solely to their benefit, and not to the general public or to advance a sovereign or quasi-sovereign interest of the State.

    **Defendants answer: "Yes."**

    **Plaintiffs answer: "No."**

2.  Whether diversity jurisdiction exists despite the prosecutor's involvement, where the complaint alleges private harms, does not seek to vindicate any State interest, and the prosecutor is not exercising core prosecutorial functions or enforcing state or county-wide public policies.

    **Defendants answer: "Yes."**

    **Plaintiffs answer: "No."**

3.  Whether defendant Amy Vujnov was fraudulently joined, where the claims against her are legally deficient, based solely on her ministerial role as a former property manager, and unsupported by allegations of independent authority, personal wrongdoing, or control over the property.

    **Defendants answer: "Yes."**

    **Plaintiffs answer: "No."**

4.  Whether plaintiffs' failure to address the declaratory relief claim against Vujnov in their motion to remand confirms the claim's lack of legal and factual merit, given that she no longer works at the property and has no ability to enforce or comply with the relief sought.

    **Defendants answer: "Yes."**

    **Plaintiffs answer: "No."**

5.  Whether the property registration forms signed by Vujnov as an agent support

4909-6725-0488_3

individual liability, where the forms were executed solely in a ministerial capacity under Ypsilanti City Code § 18-131(b), explicitly require the property owner's separate signature, and do not transfer legal responsibility away from the actual owner or create independent obligations for the agent.

**Defendants answer: "No."**

**Plaintiffs answer: "Yes."**

6.      Whether an award of costs and attorney fees under 28 U.S.C. § 1447(c) is unwarranted, where defendants had an objectively reasonable basis for removal based on well-established legal principles and a good-faith application of the real-party-in-interest and fraudulent joinder doctrines.

**Defendants answer: "Yes."**

**Plaintiffs answer: "No."**

4909-6725-0488_3

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

- *Commonwealth ex rel. Stumbo v. Marathon Petroleum Co., LLC*, 2007 U.S. Dist. LEXIS 74117; 2007 WL 2900461 (2007)

- *Connecticut v. Levi Strauss & Co.*, 471 F. Supp. 363 (D. Conn. 1979)

- *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014)

- *Graphic Resources Group, Inc. v. Honeybaked Ham Co.*, 51 F. Supp. 2d 822 (E.D. Mich. 1999)

- *Guertin v. Michigan,* No. 16-CV-12412, 2017 U.S. Dist. LEXIS 85544, 2017 WL 2418007 (E.D. Mich. Jun. 5, 2017), aff'd in part, rev'd in part on other grounds, 912 F.3d 907 (6th Cir. 2019)

- *Hartman & Eichhorn Bldg. Co. v. Dailey*, 266 Mich. App. 545 (2005)

- *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)

- MCL 49.143

- MCL 445.910

- MCL 445.915

- *Sholberg v. Truman*, 496 Mich. 1 (2014)

- *Walker v. Detroit Pub. Sch. Dist.*, 535 F. App'x 461 (6th Cir. 2013)

4909-6725-0488_3

## I.      INTRODUCTION.

Plaintiffs' motion to remand is premised on a fundamental mischaracterization of this case: that it is a sovereign enforcement action brought on behalf of the State of Michigan. But the complaint itself—and the nature of the relief sought—tells a different story. This is not an action pursued to vindicate the rights of the State or to advance a public, sovereign interest. It is a dispute concerning alleged harms suffered by specific tenants in a defined group of private residential properties, advanced primarily for their individual benefit. The involvement of the County Prosecutor—while styled as representation "on behalf of the State of Michigan"—does not transform the nature of this litigation into a state-initiated enforcement action. Courts have long rejected such formalistic labels in favor of examining the real party in interest, the practical effect of the suit, and the nature of the claims asserted. When properly analyzed under this standard, it becomes clear that the State is not the real party in interest here, and the Washtenaw County Prosecutor's presence cannot defeat diversity jurisdiction.

Nor does plaintiffs' attempt to shield their joinder of a non-diverse party—former on-site property manager Amy Vujnov—survive scrutiny. The claims against her are legally deficient and noticeably strategic. Courts in this Circuit and others routinely find fraudulent joinder where, as here, no plausible theory of individual liability is asserted against a defendant whose role was limited, subordinate, and

1

devoid of independent authority or control.

Furthermore, plaintiffs' silence on the declaratory relief claims against Vujnov underscores the weakness of their position. Moreover, their request for costs and fees is meritless, as removal was grounded in well-established legal principles and supported by objectively reasonable arguments. This case was properly removed to federal court, and plaintiffs' motion to remand should be denied in full.

## II.    STATEMENT OF FACTS.

On February 19, 2025, the Washtenaw County Prosecutor, along with the City of Ypsilanti, filed this lawsuit in state court against defendants. (ECF No. 1-1, PageID.26). The lawsuit includes claims under the Michigan Consumer Protection Act ("MCPA"), the Housing Law of Michigan, and for public nuisance. (ECF No. 1-1, PageID.63-PageID.75). It also seeks declaratory relief that would, among other things, void lease agreements, bar rent collection, and mandate the return of rental payments and deposits. (ECF No. 1-1, PageID.75-PageID.77). The prosecutor is not asserting criminal charges, nor is the State of Michigan directly named as a party. Defendants removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, arguing that the prosecutor is not the real party in interest and that defendant Vujnov was fraudulently joined. (ECF No. 1, PageID.1-PageID.20). Plaintiffs now seek remand, asserting that the prosecutor is a real party in interest and that their claims against Vujnov are viable. (ECF No. 9,

2

PageID.1754).

## III.   ARGUMENT.

### A. The complaint must be viewed as a whole to determine the real party in interest.

Plaintiffs argue "[t]he black letter law, established beyond question for over a century, is that "[a] state is not a citizen." (ECF No. 9, PageID.1767). While this is generally a correct statement of the law, it is wholly inapplicable here because the State is not a real party in interest. When determining whether the State is the real party in interest, and the State attorney general, or in this case the prosecutor is the plaintiff, "most courts follow [the] approach of looking at the complaint as a whole to determine whether the state is the primary beneficiary of the action." *Commonwealth ex rel. Stumbo v. Marathon Petroleum Co., LLC*, 2007 U.S. Dist. LEXIS 74117, 2007 WL 2900461, *11 (E.D. Ky. October 3, 2007); *See also Nuclear Engineering Co. v. Scott*, 660 F.2d 241, 250 (7th Cir.1981) (holding "[w]hen a state official is a party to a proceeding over which diversity jurisdiction is alleged, whether the respective state is itself the real party in interest is a question to be determined from the essential nature and effect of the proceeding"). The relevant inquiry centers on the essential nature and effect of the proceeding, not mere titles or formal designations. *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 296-98 (1937).

3

**B. The State of Michigan is not a real party in interest to the action.**

Plaintiffs argue "the State—acting through the Prosecuting Attorney—is a proper plaintiff, acting to assert the State's own interests in this matter…. As the State of Michigan cannot be a citizen of itself, there is accordingly no 'complete diversity' under 28 U.S.C. § 1332, and this Court does not have subject matter jurisdiction." (ECF No. 9, PageID.1767). In support of this position, plaintiffs rely on *Hood v. F. Hoffman-La Roche, Ltd*., where the court found "complete diversity is lacking so long as the State of Mississippi also is a real party in interest." (ECF No. 9, PageID.1767).

However, *Hood* underscores a critical qualifier: diversity is defeated only if the State is, in fact, a real party in interest. *Hood v. F. Hoffman-La Roche, Ltd*., 639 F. Supp. 2d 25, 34 (D.D.C. 2009). That is not the case here. A review of the complaint in its entirety makes clear that the prosecutor is not asserting the State of Michigan's own sovereign interests, nor is it the real party in interest. Instead, the action seeks to vindicate the private rights of identifiable individuals, not the State. The State is not the real party in interest when the relief sought in the complaint would inure primarily to consumers. *State ex rel. Guste v. Fedders Corp*., 524 F. Supp. 552, 554-557 (D. La. 1981).

Additionally, although to some extent they overlap, the *parens patriae* doctrine analyzed in *Hood* and the concept of the real party in interest are

4

distinguishable. *Hood*, 639 F.Supp.2d at 33 n.9 ("whether a state's attorney general has standing to pursue an action in a representative capacity as *parens patriae* is an independent inquiry from the question of whether that same attorney general, or anyone else for that matter, is the real party in interest for a particular claim").

### 1. The prosecutor is not representing the State's interests in its public nuisance claims.

Plaintiffs reply on *Wayne Cnty. Exec. v. Acorn Inv. Co.* No. 248925, 2005 WL 17764, at *4 (Mich. Ct. App. Jan. 4, 2005) to support their position that the prosecutor is a real party in interest that has standing to prosecute and initiate a cause of action to enforce State abatement and nuisance actions and that "[t]he broad statutory authority to act on behalf of the State includes the ability to enjoin public nuisances." (ECF No. 9, PageID.1770) & (ECF No. 9, PageID.1773). However, the facts in the present case are distinguishable and, therefore, plaintiffs' reliance on *Wayne Cnty. Exec. v. Acorn Inv. Co* is unpersuasive. That case involved a vacant, abandoned property open to public trespass, where a court had already declared a property to be a nuisance and authorized its demolition. *Wayne Cnty. Exec. v. Acorn Inv. Co.*, No. 248925, 2005 WL 17764, at *4 (Mich. Ct. App. Jan. 4, 2005). None of those facts are present here.

The buildings in the present case are partially occupied properties, not abandoned, and not open to the public or to trespass. Additionally, the buildings are not subject to any declaratory orders for demolition nor have they been designated

to be a public nuisance via a court order.[1] Given the stark contrast in material facts between the two cases, plaintiffs' reliance on *Wayne Cnty. Exec. v. Acorn Inv. Co* is misplaced.

Moreover, the alleged deficiencies cited in the complaint are tenant-specific and confined to private property—not the type of "unreasonable interference with a right common to all members of the general public" required to establish a public nuisance under Michigan law. *See Sholberg v. Truman*, 496 Mich. 1, 6; 852 N.W.2d 89 (2014). These alleged harms are confined to private property and do not interfere with rights shared by the public at large. For a nuisance to be public, it must impact public health, obstruct public ways, affect public morals, or interfere with public land use. *Garfield Twp. v. Young*, 348 Mich. 337, 342; 82 N.W.2d 876 (1957). Plaintiffs cite building specific concerns, all of which allegedly impact a defined group of tenants, not the general public. (ECF No. 9, PageID.1772-PageID.1773). Plaintiffs have failed to allege any unreasonable interference with a right common to all members of the general public that would establish that the State is a real party in interest.

---

[1] To the extent that the City argues that Arbor One is subject to City enforcement orders, it is worth noting that prior to the initiation of this action, defendants VTP River Woods LLC and VTP A1 LP filed a federal lawsuit against the City based its relentless campaign of punitive and retaliatory code enforcement regarding the Arbor One property in violation of defendants' constitutional rights. The case is also pending before this Court and was assigned Case No. 24-cv-12647.

4909-6725-0488_3

### 2. The prosecutor is not representing the State's interests in its MCPA Claims.

Plaintiffs' rely on *Nessel ex rel. Michigan v. Amerigas Partners* to support their argument that the class-action provision of the MCPA does not "render the State a 'nominal party' that can be ignored for jurisdictional purposes." (ECF No. 9, PageID.1774). Plaintiffs argue that in evaluating the claims in *Nessel*, "the Sixth Circuit concluded that the Attorney General brought her [MCPA] claims 'in order to vindicate *the State's sovereign and quasi-sovereign interest* in deterring Defendants from engaging in unfair trade practices and recompensing Michigan consumers who suffered from Defendants' alleged acts, as the Michigan Legislature has authorized her to do." (ECF No. 9, PageID.1775). The facts in *Nessel* are distinguishable and therefore this case warrants a different conclusion. In *Nessel*, the State was acting to protect all Michigan residents against the largest provider of propane—conduct that implicated broad, statewide interests. *Dana Nessel, Attorney General of the State of Michigan, ex rel., The People of the State of Michigan v. Amerigas Partners, L.P.*, 954 F.3d 831, 833 (6th Cir. 2020)

Here, the prosecutor is not bringing this action on behalf of the State of Michigan, but is instead bringing it on behalf of a discrete set of Ypsilanti residents. In *Connecticut v. Levi Strauss & Co.*, the Court held that "a state's role in suing on behalf of particular citizens sufficiently dispenses with its sovereign capacity...to gain access to the district court's diversity jurisdiction (assuming diverse citizenship

of the defendant and jurisdictional amount)." 471 F. Supp. 363, 370 (D. Conn. 1979).

After carefully evaluating the nature of the relief that the attorney general sought in *Levi Strauss & Co*., the court concluded that, when the State sought monetary awards on behalf of identifiable individual purchasers, those purchasers were the real parties in interest, and their citizenship controlled when determining diversity of citizenship. *Id*. at 371.

The same outcome is true here. The mere fact that the MCPA gives the prosecutor the authority to sue does not make the State the real party in interest in a lawsuit. The prosecutor is not acting to vindicate the sovereign interests of the State of Michigan; rather, he is advancing the private interests of a limited group of Ypsilanti residents. The relief sought in the complaint operates primarily in favor of those residents. The State is not the real party in interest.

**C. The prosecutor is not acting under any of his prosecutorial powers.**

Although the prosecutor seeks to portray this action as one brought on behalf of the State of Michigan, a substantive review of the complaint reveals otherwise. Courts have long rejected superficial characterizations in favor of a practical, fact-based assessment of jurisdiction. As the United States Supreme Court has made clear:

> Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings and arrange the parties according to their sides in

the dispute. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interests exists, is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute.

*Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 70 (1941).

In paragraph twenty-four of the complaint and in plaintiffs' motion, the Washtenaw County Prosecutor makes certain that he is bringing this claim on behalf of the residents or injured under MCL 49.153 and MCL 445.915. (ECF No. 9, PageID.1769-PageID.1770; PageID.1773; PageID.1775); (ECF No. 1-1, PageID.40). MCL 445.915 states "a prosecuting attorney may … institute and prosecute an action under this act in the same manner as the attorney general." MCL 445.910 states "[t]he attorney general may bring a class action on behalf of persons residing in or injured in this state for the actual damages."

The complaint, when properly evaluated in substance rather than form, demonstrates that this is not a case involving sovereign or quasi-sovereign State interests. Rather, the claims are effectively a civil class-action with the Prosecutor or AG chosen as class representative. These claims do not implicate the rights or interests of the general public, nor do they reflect the type of statewide concern that would warrant the State's designation as a real party in interest. This plainly distinguishes the matter from those in which the State's sovereign interests are at stake.

The Court need look no further than the relief sought. The relief sought—rescission of leases, return of rent payments, and declaratory judgments concerning specific private transactions—would not inure to the public at large, but only to the identified tenants at Arbor One. (ECF No. 1-1, PageID.77-PageID.80). The real parties in interest are the individual tenants, whose alleged injuries form the basis of the relief sought. Because the prosecutor is not acting in his traditional role representing the State or County in a matter of public concern, this case is functionally equivalent to a private class action—and must be treated as such for purposes of assessing diversity jurisdiction.

### D. Plaintiffs' claims against defendant Vujnov fail as a matter of law.

Plaintiffs argue that they have "established multiple claims against Defendant Vujnov in the first instance, and Defendants have failed to present any evidence at all—let alone sufficient and undisputed evidence—that Plaintiffs could not have established a single cause of action against Vujnov." (ECF No. 9, PageID.1781). This is not true. Plaintiffs brough five causes of action against Vujnov, and each one of them fail as a matter of law. (ECF No. 1-1, PageID.63-PageID.77).

#### 1.  The legal standard for fraudulent joinder is met.

To be clear, defendants are not required to show that it is impossible for plaintiffs to recover. Rather, the standard is whether there is any reasonable basis for imposing liability on the non-diverse defendant based on the alleged facts. *Graphic*

*Resources Group, Inc. v. Honeybaked Ham Co.*, 51 F. Supp. 2d 822, 825 (E.D. Mich. 1999) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel. L.L.C.*, 989 F. Supp. 839, 839-840 (E.D. Mich. 1997)); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). To meet its burden, defendants must demonstrate that plaintiffs have no reasonable basis for a claim against the non-diverse defendant based on the alleged facts. *Id.*; *PSA Quality Systems (Toronto), Inc. v. Sutcliffe*, 256 F. Supp. 2d 698, 701-02 (E.D. Mich. 2003) (citing *Alexander.*, 13 F.3d at 949). Defendants have more than met this burden.

Plaintiffs' claims against Vujnov are purely derivative and rest entirely on her status as a former on-site property manager at Arbor One. (ECF No. 1, PageID.45-PageID.46). But courts routinely hold that such employment roles, without more, do not support personal liability absent evidence of direct participation, personal benefit, or control—none of which plaintiffs have plausibly alleged. *Guertin v. Michigan,* No. 16-CV-12412, 2017 U.S. Dist. LEXIS 85544, 2017 WL 2418007, at *11 (E.D. Mich. Jun. 5, 2017), aff'd in part, rev'd in part on other grounds, 912 F.3d 907 (6th Cir. 2019) (citing *McSwain v. Redford Township,* 173 Mich. App. 492, 498; 434 N.W.2d 171 (1988)); *Kelley ex rel. Michigan v. Kysor Indus. Corp.,* 826 F. Supp. 1089, 1096 (W.D. Mich. 1993) (citing *Attorney Gen. ex rel. Director of Dep't of Natural Resources v. Acme Disposal Co.,* 189 Mich. App. 722, 725; 473 N.W.2d 824 (1991)).

11

## 2. Plaintiffs' cannot sustain public nuisance or housing law claims against Vujnov individually.

Plaintiffs rely on Vujnov's alleged knowledge of code violations to argue that she can be held liable for a public nuisance. (ECF No. 1, PageID.45-PageID.46). But under Michigan law, liability requires that the defendant either (1) created the nuisance, (2) owned or controlled the property, or (3) directed activity likely to cause a nuisance. *Walker v. Detroit Pub. Sch. Dist.*, 535 F. App'x 461, 467 (6th Cir. 2013); *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 213 Mich. App. 186 (1994); *Guertin*, 2017 WL 2418007, at *11 (citing *McSwain*, 173 Mich. App. at 498). Plaintiffs do not allege that Vujnov owned Arbor One or had independent control over its operations. She acted at the direction of her employer and had no authority to remediate the alleged conditions or set policy. Her role was purely ministerial and subordinate, which cannot support personal liability under Michigan law.

Similarly, the Housing Law of Michigan allows enforcement only against "owners or occupants." *See* MCL 125.534(1). Vujnov was neither. Plaintiffs' attempt to stretch this statutory framework to include Vujnov is unsupported by law.

## 3. Plaintiffs' MCPA claims fail to support individual liability against Vujnov.

With regard to plaintiffs' MCPA claims, individual liability may arise only where the defendant directly participated in or had control over the allegedly deceptive acts and knew or should have known of the wrongdoing. *F.T.C. v. E.M.A.*

12

*Nationwide, Inc*., 767 F.3d 611, 636 (6th Cir. 2014); S*ee also Hartman & Eichhorn Bldg. Co. v. Dailey,* 266 Mich. App. 545, 551-552; 701 N.W.2d 749 (2005) (holding defendant was only personally liable for an MCPA violation that resulted from his actual conduct). Plaintiffs do not allege Vujnov set policy, controlled leasing practices, approved advertising, or made independent decisions about rent collection. Her actions, to the extent she had any involvement, were entirely within the scope of her employment and ministerial. Without allegations of independent wrongdoing or personal gain, no individual liability is available under the MCPA. *Hartman & Eichhorn Bldg. Co.*, 266 Mich. App. at 551.

### 4. Plaintiffs' failure to address the declaratory relief claim against Vujnov confirms its deficiencies.

Plaintiffs' motion is conspicuously silent regarding their request for declaratory relief against Vujnov—a silence that is both telling and strategically revealing. In the complaint, plaintiffs seek expansive declaratory relief against "all Defendants," including declarations that no rent is owed during a certain period, that tenants may rescind their leases, and that defendants must perform specific contractual maintenance obligations. (ECF No. 1-1, PageID.76-PageID.77) Despite this, plaintiffs fail to explain in their remand motion—as they did with the other counts—how or why these forms of relief could plausibly apply to Vujnov, much less rebut the detailed arguments set forth in the notice of removal explaining why no viable claim lies against Vujnov.

4909-6725-0488_3

This omission is not a mere oversight. Rather, plaintiffs' failure to engage with this issue likely stems from their recognition that the declaratory relief claim against Vujnov is fundamentally flawed. As explained in the notice of removal, Vujnov is no longer employed at Arbor One, a fact well known to plaintiffs. (ECF No. 1, PageID.14). Even if she were still employed, she would have no independent authority to enforce the requested declarations. Any such actions would fall squarely within the exclusive control of Arbor One's ownership or management—not Vujnov individually.

Under both Michigan and federal law, declaratory relief may only be granted where there exists an actual controversy that is justiciable—meaning there must be a real and immediate dispute between the parties, and the requested relief must be capable of redressing the alleged injury. 28 U.S.C. §§ 2201–2202; MCR 2.605(A)(1); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Van Buren Charter Twp. v. Visteon Corp.*, 503 Mich. 960, 946-965 (2019). Plaintiffs fail both prongs of that analysis with respect to Vujnov. They do not allege any causal connection between Vujnov's personal actions and their purported injuries. Nor can they credibly argue that declaratory relief against a former employee—who has no present control over Arbor One or the ability to effectuate compliance—would redress their alleged harm. As such, the declaratory relief claim against Vujnov is not justiciable and cannot support her inclusion as a proper defendant.

14

Plaintiffs' silence on this point in their motion underscores the weakness of their position. It reflects a likely awareness that Vujnov's joinder was tactical and unsupported by legitimate legal theory.

### 5. Factual disputes cannot salvage legally deficient claims.

Plaintiffs cite *Walker v. Philip Morris USA, Inc*., 443 F. App'x 946, 956 (6th Cir. 2011) to argue that mere factual disputes preclude a finding of fraudulent joinder. (ECF No. 9, PageID.1781). Crucially, fraudulent joinder applies regardless of factual disputes where the law does not support liability. Courts are not required to credit conclusory or legally deficient allegations simply because they are disputed. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Michigan law is clear: liability for public nuisance, Housing Law violations, or consumer protection claims does not extend to rank-and-file employees acting under the direction of others without independent authority or personal misconduct. *See Walker*, 535 F. App'x at 467; *Guertin*, 912 F.3d at 922; *Hartman & Eichhorn Bldg. Co.*, 266 Mich. App. at 551. The absence of allegations that Vujnov acted outside the scope of her employment or personally derived a benefit from the alleged violations renders the claims against her deficient as a matter of law and fraudulent joinder applies regardless of plaintiffs attempts to dispute the facts.

### 6. The property registration forms are irrelevant to plaintiffs' claims against Vujnov.

Plaintiffs mischaracterize the property registration forms submitted as Exhibit

15

3 to their motion (ECF No. 9, PageID.1794–PageID.1811), and their assertions are not supported by the plain language of those documents. Plaintiffs allege Vujnov "claimed responsibility … eighteen (18) times, once for each occupied building at Arbor One Apartments," and that she "signed up to be individually responsible" for compliance with the City of Ypsilanti's Property Maintenance Code. (ECF No. 9, PageID.1787–1788). These assertions are not only legally flawed, they are factually incorrect.

Under Ypsilanti City Code § 18-131(b), where a property is managed by an agent, the owner must designate that agent to receive notices and communications. The City's standard property registration form reflects this:

> Pursuant to Chapter 18 of the Ypsilanti City Code, one individual must claim responsibility of the … property by signing and completing this form as the registered owner or agent. If the agent/representative is someone other than the owner, the owner must also sign this form.

Far from creating personal liability, the form reinforces the agent's limited role and expressly requires the owner's acknowledgment and approval. (ECF No. 9, PageID.1794–PageID.1811). Indeed, every property registration form in the record includes a separate "Property Owner" signature line, which was signed by Sam Rosenthal—identified as an owner of Arbor One. (ECF No. 9-4, PageID.1794–1811). Vujnov's signature appears only on the "Agent/Representative" line, consistent with her administrative role. (ECF No. 9, PageID.1794–PageID.1811).

Contrary to plaintiffs' argument, these forms do not establish that Vujnov

16

assumed individual liability or acted outside the scope of her agency. On the contrary, they confirm that Vujnov acted solely in a ministerial capacity, and with express acknowledgment by one of the property's owners. The forms do not transfer legal responsibility from the owner to the agent—nor could they. The City's own code requires the owner's signature for precisely this reason.

The forms do not support plaintiffs' claims, they undermine them. Plaintiffs' attempt to convert a standard administrative filing into a basis for personal liability is legally unsupported and factually indefensible. Vujnov's limited role as a property agent, expressly authorized by and acting on behalf of the property owner, cannot give rise to individual liability under any of the legal theories asserted.

### E. Plaintiffs are not entitled to fees and costs.

Plaintiffs' request for costs and fees should be denied because it lacks both factual and legal merit. Under *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005), the touchstone for awarding fees is whether the removing party lacked an "objectively reasonable basis" for removal. That standard is not met here. Defendants removed this case based on well-grounded, good-faith interpretations of federal diversity jurisdiction, including the alignment of the real parties in interest and the application of the fraudulent joinder doctrine. These are complex and unsettled issues that courts regularly consider on removal. Plaintiffs' characterization of removal as a dilatory tactic is entirely speculative, unsupported

17

by any concrete facts, and contrary to the record. Defendants acted within their rights to seek a federal forum where jurisdiction is proper and, at worst, is reasonably debatable. Accordingly, an award of fees is unwarranted and would contravene the Supreme Court's directive that fee-shifting should not discourage legitimate removals.

## CONCLUSION

For the forgoing reasons, the Court should deny plaintiffs' motion to remand.

Respectfully submitted,

BODMAN PLC

By: /s/ J. Adam Behrendt
J. Adam Behrendt (P58607)
Debani T. Gordon Lehman(P83909)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
jbehrendt@bodmanlaw.com
dgordon@bodmanlaw.com
*Attorneys for Defendants*

April 23, 2025.

18